UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **SHERRY BOOKER**, individually and on behalf of all others similarly situated, | ) Case No. ) ) |
| Plaintiff, | ) **JURY DEMAND** ) |
| vs. | ) ) |
| **CHEADLE LAW,** | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT FOR VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

### I. INTRODUCTION

1. Plaintiff, Sherry Booker, brings this class action claim on behalf of herself and all others similarly situated against Defendant, Cheadle Law, under the Federal Fair Debt Collection Practices Act ("FDCPA" herein). The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e). Plaintiff alleges that Defendant deceived Plaintiff and upon information and belief those similarly situated to Plaintiff who were sent deceptive letters attempting to violate their rights.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

3. Venue is proper in the Middle District of Tennessee pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the Middle District of Tennessee, and because Plaintiff is a resident of Davidson County, Tennessee, which is within Middle District of Tennessee.

## III. PARTIES

3. Plaintiff, Sherry Booker ("Plaintiff" herein), is a natural person residing in Davidson County in the state of Tennessee, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. Defendant, Cheadle Law ("Defendant" herein) is an entity who at all relevant times was engaged, by use of the mail and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). In addition, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about June 12, 2017, Plaintiff received a letter from Defendant, which provided a file number, a list of attorney's fees, and that

Plaintiff owes an "obligation" to Defendant, a law firm. Specifically, and without limitation, Defendant's letter on June 12, 2017, "Cheadle Law" has obtained ownership of an "Amount of Obligation: $4,067.83" and is charging Plaintiff "Attorney Fees: $1,355.94."

7. Such misrepresentations violated Plaintiff's rights and misled her. Specifically, and without limitation, Defendant's letter on June 12, 2017 made Plaintiff believe that due to a pending lawsuit, she was under a legal obligation was to pay Defendant's legal fees, when such statements are false.

8. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's alleged debt (§ 1692e(2)(A));

b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

f) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)).

9. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury such as personal humiliation, embarrassment, mental anguish and emotional distress. Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

## Class Allegations

10. Plaintiff brings this class action on behalf of herself and all others similarly situated ("the Class").

11. Plaintiff represents, and is a member of the following class:

   a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that provided a file number, a list of attorney's fees, and that the individual owes an "obligation" to Defendant

12. As a result of Defendant's conduct, Plaintiff and, upon information and belief, members of the Class have been deprived of accurate and valid information regarding their rights and the obligations of debt collectors like Defendant.

13. Defendant and its employees or agents are excluded from the Class.Upon information and belief, the number of Class members is in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of thiese matters.

14. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted when additional facts are learned as a result of further investigation and discovery.

15. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

16. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and provided a file number, a list of attorney's fees, and that the individual owes an "obligation" to Defendant.

   b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

17. As a person who received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

18. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy resulting in consumers who continue to lack notice of their rights and Defendant's obligations.

19. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

20. A class action is a superior method for the fair and efficient adjudication of this controversy. Class wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is

small because the maximum statutory damages in an individual action under the FDCPA is minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

21. Defendant has committed violations generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## **First Cause of Action: Violation of the Fair Debt Collection Practices Act**

22. Plaintiff incorporates by reference the paragraphs 1 through 21 of this Complaint.

23. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

## **Prayer for Relief**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of the Class pursuant to 15 U.S.C. §1692k(a)(1)

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated: October 20, 2017

Respectfully submitted,

By: /s/ Susan S. Lafferty

Susan S. Lafferty, Esq. BPR #025961
Lafferty Law Firm, P.C.
555 Marriott Drive, Suite 315
Nashville, TN 37214
(T) (615) 878-1926
(F) (615) 472-7852
(E) SusanL@laffertylawonline.com