UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHERRY BOOKER, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 3:17-cv-01394 |
| CHEADLE LAW, | ) ) | CHIEF JUDGE CRENSHAW |
| Defendant. | ) ) | |

## ANSWER TO COMPLAINT

**Introduction**

The Defendant is a law firm. On June 12, 2017 it sent a demand letter to Plaintiff to collect a small balance owed by Plaintiff to her creditor, *Harpeth Financial Services, LLC d/b/a Advance Financial*. The Defendant then filed suit against Plaintiff to collect that debt. Plaintiff was properly served and the case was set for trial. Plaintiff appeared in court and waived her right to dispute the claim and the amount of the claim. As a result, the General Sessions Court for Davidson County, Tennessee, entered Judgment against Plaintiff for $5,423.77 (principal, interest and legal fees) in the case styled: *Harpeth Financial Services, LLC d/b/a Advance Financial v. Sherry Booker,* Case No. 17GC 14504.

Plaintiff has now sued Defendant, and contends that the above-referenced demand letter violated the FDCPA because Defendant allegedly made a misrepresentation which misled Plaintiff to believe Defendant was the "owner" of the obligation. The letter contained no such representation and, therefore, there could have been no misrepresentation.

**Substantive Response**

1. Paragraph 1 of the Complaint purports to set forth a summary of the claims (as an introduction) and, therefore, it does not require a factual response.

2. Admitted.

3. Admitted.

The Complaint contains a typographical error, as it contains multiple paragraphs designated as "Paragraph 3." Accordingly, Defendant further responds as follows:

3. Admitted.

4. Denied.

5. Admitted.

6. Denied. To the contrary, Defendant transmitted to Plaintiff a straightforward collection letter related to a debt incurred by Plaintiff pursuant to a loan. Plaintiff defaulted on that loan. Defendant was then retained to collect the debt pursuant to the terms agreed upon (and signed) by Plaintiff. Defendant sent a demand letter to Plaintiff on June 12, 2017 referencing the debt and identifying the creditor from whom Plaintiff borrowed money. The aforementioned demand letter does not state, infer or otherwise represent that Defendant had obtained "ownership" of the obligation. In fact, the letter does not contain the words: "own, owns, owned, ownership" or the like.

7. Denied. In connection with Paragraph 7, Plaintiff contends that Defendant "misled her" by making her believe that there was a "pending lawsuit." However, the letter does not mention a "lawsuit" or a "pending lawsuit."

8. Denied. To the contrary, Defendant's communication with Plaintiff correctly identified:

- the identity of the creditor from whom the Plaintiff borrowed money;
- the amount of the obligation owed to that creditor;
- the amount of attorneys' fees sought (based upon the attorney-fee provision of the loan agreement);
- the total obligation owed (the debt, plus fees);
- the creditor's file number; and
- the Defendant's file number.

Additionally, Defendant complied with the FDCPA by advising Plaintiff that the communication was from a debt collection firm, that Defendant was entitled to dispute the validity of the debt, that absent a request for validation of the debt that the debt would be assumed as valid; if disputed, Defendant's letter correctly advised Plaintiff that she would be entitled to obtain verification of the debt.

9. Denied. In this Paragraph, Plaintiff alleges that she suffered damages as a result of the alleged violation of the FDCPA, including personal humiliation, embarrassment, mental anguish and emotional distress. To the contrary, Defendant later filed a lawsuit for its client (the creditor) against Plaintiff. Plaintiff was properly served with those court papers. Plaintiff then appeared in court. Plaintiff then waived her right to dispute the debt. Instead, Plaintiff consented to the nature of the claim and the amounts owed. As a result, the General Sessions Court for Davidson County, Tennessee (in Case No. 17GC14504) entered a Consent Judgment against the Plaintiff.

10. Defendant disputes that Plaintiff is entitled to Class Certification of this claim.

11. Denied.

12. Denied.

13. It is admitted that Defendant and its employees (or agents) are excluded from any hypothetical class of claimants that might be certified. All contrary and remaining allegations in Paragraph 13 are denied.

14. Paragraph 14 contains a summary of the damages which Plaintiff seeks to recover, and indicates that she reserves certain rights. Accordingly, this allegation does not require a factual response from Defendant.

15. Denied. Defendant incorporates by reference its responses to Paragraphs 1-14, above.

16. Denied. Defendant incorporates by reference its responses to Paragraphs 1-14, above.

17. Defendant's demand letter (which was sent by it on behalf of its client – *i.e.*, Plaintiff's creditor) was neither inadequate nor misleading. Accordingly, the first sentence of Paragraph 17 is denied. The balance of Paragraph 17 is likewise denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. This allegation incorporates earlier allegations and, therefore, it does not require a response of the Defendant.

23. Denied.

## AFFIRMATIVE DEFENSES

1. Any allegation contained in the Complaint which has not previously been admitted or denied is here and now denied.

2. The Plaintiff's entire case is premised upon a single demand letter issued by Defendant on June 12, 2017. In that letter, Defendant contacted Plaintiff in relation to a debt previously procured by Plaintiff from the creditor, *Harpeth Financial Services, LLC d/b/a Advance Financial* [the "Debt"]. The Debt was memorialized in a written loan agreement. Plaintiff defaulted on that loan agreement. In connection with the June 12, 2017 demand letter, Defendant advised Plaintiff that the loan obligation totaled $4,067.83 and that it was due together with costs of collection totaling an additional $1,355.94. The letter complied with the FDCPA, in that it identified the creditor, explained the nature of the Debt, and conveyed to Plaintiff her various rights including the right to dispute the Debt and if so, to obtain verification of the Debt. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Defendant's June 12, 2017 letter complied fully with the provisions of the FDCPA. However, and to the extent the Court were to find that the letter reflects that Defendant was the owner of the Debt (and not simply the creditor's lawyer), then Defendant is exempt from the protective provisions of the FDCPA. *See,* the Supreme Court's recent Opinion in *Henson, et al. v. Santander Consumer USA, Inc.*, 137 S.Ct. 1718; 85 U.S.L.W. 3344; and 196 L.Ed. 2nd 595 (June 12, 2017). The FDCPA does not apply to creditors collecting their own debts; it applies only to collection agencies attempting to collect the debts owed to a third party. Accordingly, Defendant is exempt from the FDCPA.

4. For the reasons set forth herein, Defendants requests that Plaintiff's Complaint be dismissed and that Plaintiff be required to reimburse Defendant for its costs of defense, including fees.

Respectfully submitted,

/s/ Phillip Byron Jones
**Phillip Byron Jones** (#14125)
Evans, Jones & Reynolds, P.C.
SunTrust Plaza, Suite 710
401 Commerce Street
Nashville, TN 37219
(615) 259-4685 Telephone
Pjones@ejrlaw.com
*Attorneys for Defendant, Cheadle Law*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this the 12th day of December, 2017, as follows:

| Addressee | Method(s) of Service |
|---|---|
| **Susan S. Lafferty, Esq.**<br>Lafferty Law Firm, P.C.<br>555 Marriott Drive, Suite 315<br>Nashville, TN  37214<br>susanl@laffertylawonline.com<br><br>*Attorney for Plaintiff* | ☒  Electronically via the Court's ECF System<br><br>☐  U.S. Postal Service (First-Class, Postage Prepaid)<br><br>☐  Email |

822529.001

/s/ Phillip Byron Jones
**Phillip Byron Jones, Esq.**

822528.002