UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERRY BOOKER, ) | |
| ) | No. 3:17-cv-01394 |
| Plaintiff ) | Chief Judge Crenshaw |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF LAW |
| CHEADLE LAW, ) | |
| ) | |
| Defendant. ) | |

The Defendant has moved this Court pursuant to Rule 56, F.R.C.P., for entry of a Summary Judgment, dismissing all of Plaintiff's claims. This Memorandum is submitted in support of that Motion.

## INTRODUCTION

The Plaintiff borrowed money from a lender known as Harpeth Financial Services, LLC d/b/a Advance Financial 24/7 ("the Lender"). Plaintiff later defaulted on that loan. The Lender then hired the Defendant (a law firm) to collect the loan. Defendant sent a demand letter to Plaintiff dated June 12, 2017 and, thereafter, a lawsuit was filed against her.

In this case, Plaintiff now contends that Defendant's letter, *i.e.,* the one dated June 12, 2017, violated the Fair Debt Collection Practices Act because it allegedly contained "*misrepresentations*," which "*misled her.*" She identifies two (2) misrepresentations.[1]

---

[1] Plaintiff filed this action with the assistance of an out-of-state law firm. The Complaint contains several paragraphs that are demonstrably unrelated to the clear facts set out in other paragraphs, and which indicate Plaintiff's counsel used a form pleading or cut-and-paste from some other case.

## THE FACTS

On June 29, 2015, the Plaintiff, Sherry Booker, borrowed money from the Lender. She entered into a written agreement with the Lender via a document titled "*Advance Financial Flex Loan Plan Disclosure and Account Agreement.*" The Plaintiff did not comply with the payment terms of her agreement with the Lender. The Cheadle Law Firm represents the Lender. That Lender then hired Defendant to collect the balance from Plaintiff. What happened next forms the entire basis of Plaintiff's claims under the Fair Debt Collection Practices Act ["the Act"].

## **The June 12, 2017 Letter**

The Cheadle Law Firm sent a demand letter to Plaintiff on June 12, 2017, which stated, in its entirety, the following:

> *Ms. Sherry Booker*
> *583 Thomas Jefferson Circle*
> *Madison, TN 37115*
>
> > *Re:  Harpeth Financial Services, LLC dba Advance Financial*
> > *Amount of Obligation: $4,067.83*
> > *Attorney Fees: $1,355.94*
> > *Total: $5,423.77*
> > *Client File Number: 10-5068262*
> > *Our File Number: 17004396*
>
> *Dear Ms. Booker:*
>
> *The above obligation has been directed to my office for handling.*
>
> *Please make your payment to the above address.*
>
> *This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by me. If you notify me in writing within the thirty-day period that the debt, or any portion thereof, is disputed, I will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by me. Upon your written request within the thirty-day period, I will provide you with the name and address of the original creditor, if different from the current creditor.*
>
> *Thanking you for your cooperation in this matter, I am*
>
> > > > *Sincerely yours,*
> > > > *John R Cheadle, Jr.*

**The Underlying Lawsuit**

Thereafter, the Cheadle Law Firm filed suit against the Plaintiff in the General Sessions Court for Davidson County, Tennessee, in Case No. 17GC14504. That lawsuit was filed on a sworn account and sought to recover the unpaid loan amount of $4,067.83 plus attorneys' fees of $1,355.94, for a total claim of $5,423.77.

The Plaintiff was personally served by a Davidson County Sheriff's Deputy on July 11, 2017. The case was then set on the Court's Docket for August 2, 2017. However, the Plaintiff did not oppose the claim. Instead, the Plaintiff appeared in Court on August 2nd and:

- Waived her right to a trial;
- Agreed to entry of a Judgment; and,
- Agreed that the amount owed was the same amount that she was sued for (*i.e.,* $5,423.67).

**The Plaintiff's Claim that the Cheadle Firm Violated the Act**

In <u>this</u> lawsuit, the Plaintiff asserts a very limited claim against the Defendant. Specifically, the Plaintiff attacks the Defendant's letter of June 12, 2017. Plaintiff contends that letter said or inferred that the Defendant had obtained "ownership" of the obligation [**Plaintiff's Complaint, ¶6**]. Plaintiff also contends that the letter led her to believe that due to a "pending" lawsuit, that she was under an obligation to pay legal fees [**Plaintiff's Complaint, ¶7**].

As this Court can easily conclude, the letter sent on June 12, 2017 <u>does not</u> contain the words: "own," "owns," "owned," "ownership," or the like. Additionally, the letter <u>does not</u> make any mention of a "lawsuit" or a "pending lawsuit."

## ARGUMENT

### I.
### The Defendant's Letter Simply Does Not Violate the Act

The Plaintiff's entire claim rests upon the content of the letter sent by Defendant on June 12, 2017. In her Complaint, the Plaintiff contends (in paragraph 6) that the Defendant violated the Act because its letter reflected that the Defendant had "*obtained ownership*" of the obligation. Plaintiff then contends that the letter violated the Act because it led Plaintiff to believe that there was a "*pending lawsuit…*"

However, this Court can see for itself that the Defendant's letter makes no mention of obtaining ownership of the debt or of a pending lawsuit. In fact, Defendant's letter <u>does not</u> use any of the following words:

- Own,
- Owns,
- Owned,
- Ownership,
- Lawsuit, or
- Pending Lawsuit

The law with regard to the Act is clear in that Section 1692e creates liability to a debt collector who uses "false or misleading representations" in connection with their collection efforts (*i.e.,* collection letters, phone calls and the like). The statute then sets forth sixteen (16) examples of what is a false or misleading statement, including, for example, a representation by the debt collector that it is affiliated with the United States or any state; a false representation regarding the character of the debt; a false representation that the debt collector is an attorney when in fact it is not an attorney. *See,* 15 USCS §1692e.

Nothing about the Defendant's letter was false or misleading. This is evident by the fact that the Plaintiff ultimately appeared in the General Sessions Court for Davidson County and conceded that she owed money to the Lender identified in the earlier letter, conceded the amount

of the debt set out in the earlier letter, and conceded an obligation to pay legal fees as set out in the earlier letter. Therefore, to now suggest that the Defendant's earlier letter, which addressed those exact same points, was "false or misleading" is simply not true.

The Defendant's letter of June 12, 2017 did not violate the Act and as a result, Defendant is entitled to Summary Judgment as a matter of law.

## II.
## The Act Does Not Apply to Creditors Collecting Their Own Debts

The Plaintiff contends that the Defendant violated the Act by implying that it was the owner of the obligation. If it were determined (academically or otherwise) that Defendant was the owner of the obligation, then this action is barred by the provisions of *Henson et al. v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718; 85 U.S.L.W., 3344; and 196 L. Ed. 2d 895 (June 12, 2017). In that case, the Supreme Court recently held that the protective provisions of the Act do not apply to creditors collecting their own debts; it applies only to collection agencies attempting to collect debts owed to other parties. Accordingly, if the Plaintiff's allegations were construed as accurate (*i.e.,* that Defendant obtained ownership of the debt), then it is exempt from the protective provisions of the Act.

## CONCLUSION

For the reasons set forth herein, Defendant requests entry of an Order granting it full Summary Judgment thereby dismissing all of the Plaintiff's claims; alternatively, Defendant requests that the Plaintiff's claim for actual damages for "mental anguish and emotional distress" and for "humiliation and embarrassment" be dismissed, as unsubstantiated.

Respectfully submitted,

/s/ Phillip Byron Jones
**Phillip Byron Jones** (#14125)
Evans, Jones & Reynolds, P.C.
SunTrust Plaza, Suite 710
401 Commerce Street
Nashville, TN 37219
(615) 259-4685 Telephone
Pjones@ejrlaw.com
*Attorneys for Defendant, Cheadle Law*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this the 25th day of January, 2018, as follows:

| Addressee | Method(s) of Service |
|---|---|
| **Susan S. Lafferty, Esq.**<br>Lafferty Law Firm, P.C.<br>555 Marriott Drive, Suite 315<br>Nashville, TN 37214<br>susanl@laffertylawonline.com<br><br>*Attorney for Plaintiff* | ☒ Electronically via the Court's ECF System<br>☐ U.S. Postal Service (First-Class, Postage Prepaid)<br>☐ Email |
| **Todd M. Friedman, Esq.**<br>Law Offices of Todd M. Friedman<br>21550 Oxnard Street, Suite 780<br>Woodland Hills, CA 91367<br>tfriedman@toddlfaw.com<br><br>*Attorney for Plaintiff* | ☒ Electronically via the Court's ECF System<br>☐ U.S. Postal Service (First-Class, Postage Prepaid)<br>☐ Email |

822529.009

/s/ Phillip Byron Jones
**Phillip Byron Jones, Esq.**