# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

**SHERRY BOOKER**, individually and on behalf of all others similarly situated,

        Plaintiff,

    v.

**CHEADLE LAW**,

        Defendant.

_____

CASE NO.: 3:17-CV-01394

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

[Filed concurrently with Declaration of Sherry Booker]

# TABLE OF CONTENTS

I.  INTRODUCTION.................................................................................1

II.  THE FAIR DEBT COLLECTION PRACTICES ACT.................................2

III. STATEMENT OF FACTS....................................................................5

    A.  Introductory Allegations. .........................................................5

    B.  Standing Allegations. ...............................................................6

    C.  Defendant's Representations to Plaintiff....................................6

    D.  Plaintiff's Agreement With Harpeth Financial services, LLC dba
        Advance Financial 24/7..............................................................7

IV. LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT ...............8

V.  LEGAL ARGUMENT..........................................................................9

    A.  Defendant Has Not Met Its Burden In Showing That The July 12,
        2017 Was An Attempt To Collect On An Amount Authorized By The
        Agreement Or By Law................................................................9

    B.  Defendant Has Not Met Its Burden In Showing That The July 12,
        2017 Was Not False, Misleading and Deceptive..........................11

    C.  Defendant Is A Debt Collector....................................................16

    D.  Defendant's Motion Is Premature And Plaintiff Should Be Afforded
        An Opportunity To Conduct Discovery............Error! Bookmark not defined.

VI. CONCLUSION .................................................................................17

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1
2

**Cases**

3

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L. Ed. 2d 142 (1970) ........... 8

4
5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................ 8, 15

6

*Ball v. Union Carbide Corp.*, 385 F.3d 713 (6th Cir. 2004) ...................................................... 16

7

*Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir. 2014) ........................... 11, 13

8

*Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 (6th Cir. 2015) ..................................... 8, 14-15

9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986); .................................. 8-9, 15

10
11

*Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303 (Tenn. 2009) ................ 10

12

*Currier v. First Resolution Inv. Corp.*, 762 F.3d 529 (6th Cir. 2014) ..................................... 4, 13

13

*Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08CV408, 2013 WL 5276541 ......................................... 10

14

*Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 (8th Cir.2000) ..................................................... 13

15
16

*Long v. County of Los Angeles*, 442 F.3d 1178 (9th Cir. 2006) .................................................... 8

17

*Owens v. EquityExperts.org, LLC,* No. 16-10840,

18

        2017 WL 4699044 (E.D. Mich. Oct. 19, 2017) ................................................................ 14

19

*Quality Ready Mix, Inc. v. Mamone,* 35 Ohio St.3d 224, 520 N.E.2d 193 (Ohio 1988) .............. 11

20

*Rodgers v. Banks*, 344 F.3d 587 (6th Cir. 2003) ..................................................................... 8-9

21
22

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978 (9th Cir. 2007) ................................................ 8

23

*Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*,

24

        2005 WL 2180481 (W.D. Mich. Sept. 9, 2005) ............................................................. 14

25

*Stratton v. Portfolio Recovery Assocs., LLC*,

26

        770 F.3d 443 (6th Cir. 2014), as amended (Dec. 11, 2014) ........................................... 3

27
28

*Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn.*, 322 F.3d 1039 (9th Cir. 2002) .. 8

*Vance By & Through Hammons v. United States*, 90 F.3d 1145 (6th Cir. 1996)........................ 16

*Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323 (6th Cir. 2012) .......................................... 3

*White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229 (6th Cir. 1994) .............................. 15

*Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710 (6th Cir. 2015) .................................................. 12

**Statutes**

15 U.S.C. §1692(a)6 ................................................................................................................ 15

15 U.S.C. 1692(e) .............................................................................................................. passim

15 U.S.C. § 1692e(2)(A) ......................................................................................................... 12

15 U.S.C. §1692(f) ............................................................................................................. passim

15 U.S.C. §1692f(1) .................................................................................................................. 13

Fed. R. Civ. P. 56(c) ..............................................................................................................8-9

Fed. R. Civ. P. 56(c)(1)(a) ...................................................................................................... 16

Fed. R. Civ. P. 56(e) ................................................................................................................. 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant has filed the present Motion for Summary Judgment a mere three weeks after the initial scheduling conference in this case and before either party has had an opportunity to initiate discovery. Under well-established Sixth Circuit and Supreme Court precedent, this reason by itself requires denial of Defendant's Motion for Summary Judgment. Defendant itself has brought scant evidence in support of its Motion and has failed to meet its initial burden of showing that there is no triable issue of material fact.

Plaintiff brings the present action alleging that Defendant violated multiple provisions of the Fair Debt Collection Practices Act ("FDCPA") when it sent mail correspondence to consumers nationwide that falsely, misleadingly and deceptively mischaracterized the debts that it was attempting to collect on. Specifically, Defendant attempted to collect attorneys' fees that it was not authorized to collect on by misrepresenting that it was owed this amount, and it gave consumers the impression that litigation was currently pending, when it was not, in order to deceive consumers into making payments on these amounts that they did not owe.

While this is a factual issue, usually reserved for a jury, Defendant argues that it is entitled to judgment as a matter of law based on an Agreement that Plaintiff had with the original creditor of the alleged debt and a judgment that Defendant obtained against Plaintiff after it attempted to collect from Plaintiff. However, neither of these support Defendant's position. The Agreement that Defendant includes does not provide any evidence that Defendant was authorized to collect on the amount that it attempted to collect on. Defendant attempts to collect $4,067.83, which the Agreement makes no reference that this amount is accurate and how much Plaintiff owes on the account. In addition, the Agreement only authorizes the recovery of attorneys' fees as permitted by law, and under Tennessee law, Defendant is not entitled to collect attorneys' fees for the enforcement of a debt obligation such as

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

this without a specific and explicit provision allowing it to do so. Further, the Agreement certainly does not authorize Defendant to collect exactly 33% of the alleged debt obligation in attorneys' fees, the amount that Defendant sought to collect from Plaintiff, and neither has Defendant provided any evidence in support of its position that it has incurred such fees. In addition, the judgment entered against Plaintiff simply illustrates Defendant's success in using its unfair, misleading, deceptive, and false debt collect practices in order to get Plaintiff and similarly situated consumers to pay for amounts that Defendant was not authorized to collect on. Since the judgment was after Defendant's letter to Plaintiff, it could not have authorized Defendant to collect that amount from Plaintiff at that time of collection.

For these and other reasons, as explained more fully below, Plaintiff respectfully requests that the Honorable Court deny Defendant's Motion for Summary Judgment in its entirety.

## II. THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff alleges that Defendant, by its conduct, has violated the provisions of the FDCPA by:

a) Falsely representing the character, amount, or legal status of Plaintiff's alleged debt (§ 1692e(2)(A));

b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

f) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)).

Plaintiff's Undisputed Material Fact 1. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e). As the Sixth Circuit explained:

> The Fair Debt Collection Practices Act is an extraordinarily broad statute" and must be construed accordingly. The FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent, and does not have to have suffered actual damages. Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in eliminating abusive debt collection practices. Strict liability places the risk of penalties on the debt collector that engages in activities which are not entirely lawful, rather than exposing consumers to unlawful debt-collector behavior without a possibility for relief. By allowing a prevailing plaintiff to recover attorneys' fees, Congress further placed the cost of enforcing the FDCPA squarely on the group that could most easily ensure that the Act is not violated—the debt collectors themselves. The FDCPA protects both consumers and honest and ethical debt collectors who might otherwise be impelled to adopt their competitors' more profitable bad practices to avoid being completely disadvantaged…

> To determine whether a debt collector's conduct runs afoul of the FDCPA, courts must view any alleged violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases…

> The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This effort is grounded, quite sensibly, in the assumption that consumers of below-average sophistication or intelligence are especially vulnerable to fraudulent schemes. The standard thus serves a dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.

*Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 448–51 (6th Cir. 2014), as amended (Dec. 11, 2014) (citations omitted)(internal quotations omitted).

In order to establish a violation of 15 U.S.C. §1692e, Plaintiff must simply show (1) the Plaintiff is a consumer, (2) that the debt arises out of transactions which are primarily for personal, family or household purpose, (3) that the Defendant is a

debt collector, and (4) that Defendant violated one of the § 1692e provisions. *See Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). The list of violations, however, are "illustrative" and "non-exhaustive." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015). 15 U.S.C. §1692e "bans **all** false, deceptive, or misleading debt-collection practices. As the addition of the term 'misleading' confirms, the statute outlaws more than just falsehoods. That is why truth is not always a defense, and that is why even a true statement may be banned for creating a misleading impression." *Id.* (citations omitted)(internal quotations omitted).

15 U.S.C. §1692f, on the other hand, is a general prohibition on "unfair or unconscionable means to collect or attempt to collect any debt." Here too, the statute is helpful in providing "a non-exhaustive list of conduct that rises to that level." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 534 (6th Cir. 2014). As the Sixth Circuit set out:

> The listed conduct includes acceptance or solicitation of a postdated check absent certain circumstances, charging any person for communications by concealing the true purpose of the communication, taking or threatening to take an action to dispossess or disable property when there is no present right in the property, communicating with a consumer about a debt via postcard, or sending mail with any symbol other than the debt collector's address and non-identifying business name. **The term also includes the collection of any amount not expressly authorized by the debt agreement or by law**. Other actions that courts have determined to be potentially "unfair" under § 1692f include attaching law-firm generated documents resembling credit card statements to a state collection complaint, sending a collection letter that questioned the debtor's honesty and good intentions, filing for a writ of garnishment against a debtor who was current in payments, and **collecting 33% of a debt balance as a collection fee**.

*Id.* (citations omitted)(internal quotations omitted)(emphasis added).

///

///

///

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### III.  STATEMENT OF FACTS

#### A. Introductory Allegations

This case arises because of misleading, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, Cheadle Law ("Defendant"), in an effort to deceive consumers into paying for additional fees that they in fact do not owe. Plaintiff's Undisputed Material Fact 2.

In particular, Plaintiff, Sherry Booker ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from her and other consumers by systematically sending them mail based collection correspondence that provided a file number, a list of attorney's fees, and that these consumers owed an "obligation" that that they in fact did not owe. Plaintiff's Undisputed Material Fact 3 and Defendant's Undisputed Material Fact 4. These letters seek attorney's fees in the amount of 33% of the alleged debt owed when such amount was never authorized by the original agreement giving rise to the alleged debt. *Id.*

Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers that there was pending litigation and that they were under a legal obligation to pay Defendant's legal fees in order to deceive them into making payments that they did not owe and would otherwise not have paid. Thus, Plaintiff filed a class action against Defendant, under the Federal Fair Debt Collection Practices Act ("FDCPA").

On December 12, 2017, Defendant filed its answer generally denying the material allegations alleged in the Complaint. Plaintiff's Undisputed Material Fact 4. On January 4, 2018, an Initial Case Management Conference was held, and then before the parties had any opportunity to conduct discovery, Defendant prematurely filed the present Motion for Summary Judgment on January 25, 2018. *See* Defendant's Motion for Summary Judgment. Defendant bases its entire Motion for

Summary Judgment on three documents 1) A Plan Disclosure and Account Agreement between Plaintiff and third Party Harpeth Financial Services, LLC dba Advance Financial 24/7; 2) The Letter Defendant sent to Plaintiff on June 12, 2017; and 3) a Judgment entered by Agreement of Plaintiff and Defendant. *Id*.

## B. Standing Allegations

Plaintiff is a natural person residing in Davidson, Tennessee who is obligated or allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering them both a "consumer," under the FDCPA, 15 U.S.C. §1692a(3). Plaintiff's Undisputed Material Fact 5.

Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Plaintiff's Undisputed Material Fact 6. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6. The debt attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5). Plaintiff's Complaint at ¶4.

## C. Defendant's Representations to Plaintiff

Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiff a collection letter dated June 12, 2017. Defendant's Undisputed Material Fact 4. In the June 12, 2107 letter, Defendant provided a file number, a list of attorney's fees, and that Plaintiff owes an "obligation" to Defendant, a law firm. *Id*. Specifically, Defendant's letter on June 12, 2017 stated, "Cheadle Law" has obtained ownership of an "Amount of Obligation: $4,067.83" and is charging Plaintiff "Attorney Fees: $1,355.94. *Id*. Ultimately, this letter misled Plaintiff into believing that due to a pending lawsuit, she was under a legal obligation to pay

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant's legal fees. Plaintiff's Undisputed Material Fact 7. Prior to receiving the letter, Plaintiff did not believe that she owed this amount and was surprised and scared by the letter. Plaintiff's Undisputed Material Fact 8. In order to avoid getting sued and to be forced to pay additional legal fees, Plaintiff felt that she had no choice but to contact Defendant in order to set up a payment plan so that she would not be subject to further legal action, such as garnishment of her wages. Plaintiff's Undisputed Material Fact 9. Defendant refused Plaintiff's request to set up a payment plan and initiated a case against her. Plaintiff's Undisputed Material Fact 10.

As a result of Defendant's legal action, Plaintiff agreed to set up a payment plan with Defendant for the amount of the judgment so as to avoid having Defendant garnish her wages and potentially pay additional legal fees. Plaintiff's Undisputed Material Fact 11. At no point, did Plaintiff admit that she owed the full amount that Defendant attempted to collect on. At all relevant times, Plaintiff did not believe that Defendant rightfully incurred those attorney's fees because she agreed to set up a payment plan with Defendant prior to them filing a lawsuit but believed that based on Defendant's representations that she had no option but to pay them. *Id.*

### D. Plaintiff's Agreement With Harpeth Financial services, LLC dba Advance Financial 24/7

In support of Defendant's Motion for Summary Judgment, Defendant states that it was hired by Harpeth Financial Services, LLC d/b/a Advance Financial 24/7 ("Advance Financial") to collect on a debt incurred by Plaintiff when she entered into a written agreement with Advance Financial (the "Agreement"). Defendant's Motion for Summary Judgment. Defendant includes a copy of the Agreement in its Motion for Summary Judgment. *Id.* Nowhere does the Agreement authorize Defendant to collect on the amount that it claimed Plaintiff owed nor does Defendant provide a breakdown that Plaintiff owed the amount of obligation of $4,067.83, that

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant incurred attorney's fees that it could charge to Plaintiff, or that Defendant was entitled to collect exactly 33% of that amount in attorney's fees, $1,355.94. *Id.* Instead, the Agreement simply states that there is a 279.50% APR, a credit limit of $2672.00, and the only reference to attorney's fees in the Agreement states in relevant part, "If you are in default under this Agreement, we may, at our option and as permitted by law… recover from you all charges, costs and expenses, including all collection costs, court costs, and reasonable attorney's fees **as allowed by law**." *Id.* (emphasis added).

## IV. LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when it is demonstrated that there exist no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L. Ed. 2d 142 (1970). A fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, (1986); *Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn.*, 322 F.3d 1039, 1046 (9th Cir. 2002). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "**[W]hether a letter is misleading raises a question of fact. Generally speaking, a jury should determine whether the letter is deceptive and misleading**." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)(citations omitted)(internal quotations omitted) (emphasis added).

The party seeking summary judgment, bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "The moving party may satisfy this burden by presenting affirmative

evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003)(citations omitted)(internal quotations omitted). However, "[o]nce the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to 'go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Celotex*, 447 U.S. at 324 (1986) (citing Fed. R. Civ. P. 56(c), (e)).

## V. LEGAL ARGUMENT

### A. Defendant Has Not Met Its Burden In Showing That The July 12, 2017 Was An Attempt To Collect On An Amount Authorized By The Agreement Or By Law

Defendant's July 12, 2017 letter attempts to collect from Plaintiff $4,067.83 and exactly 33% of that amount in attorney's fees, $1,355.94. Defendant claims that this amount arises from Plaintiff's failure to pay a loan amount in of $4,067.83. *See* Cheadle Decl. at ¶4. However, Defendant fails to provide evidence that Plaintiff in fact owed this amount. Instead, Defendant claims that the amount was "reported to [them] to be $4,067.83" and was a result of an agreement that allowed for the recovery of "cots of collection, including attorneys' fees." *See Id*. In support of its position, Defendant offers two pieces of evidence: (1) Plaintiff's Agreement with the Loan Provider, and (2) A Judgment signed by Plaintiff where Plaintiff agreed to the total amount, including attorney's fees. *See* Cheadle Decl. However, neither of these support Defendant's position.

First, the Agreement does not provide any evidence to show that Plaintiff owed the principal balance of $4,067.83. The Agreement simply references Plaintiff's interest rate and her available credit. There is no breakdown in the Agreement that indicates that Plaintiff took out a particular amount, had an unpaid balance, and interest accrued on that unpaid balance to be $4,067.83 at the time attempting to collect that amount from Plaintiff. The fact that Defendant was simply

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

told by the Loan Provider that Plaintiff owed that amount does not establish that Defendant was authorized by an Agreement or by Law to collect on that Amount. *See e.g. Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08CV408, 2013 WL 5276541, at *2 (S.D. Ohio Sept. 18, 2013)(holding that the factual record did not allow the Court to determine whether "the third-party fees were either 1) expressly authorized by the agreement or 2) authorized by law.")

Second, Defendant would not be authorized to collect attorney's fees absent a provision that allows it to do so. The agreement was made in Tennessee by Tennessee residents and is subject to Tennessee Law. Tennessee law is clear on this point: attorneys' fees for failure to pay a loan provider, i.e. a breach of contract claim, *is not* permitted by law absent a specific and express provision otherwise. *See e.g. Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009)("In the context of contract interpretation, Tennessee allows an exception to the American rule only when a contract *specifically* or *expressly* provides for the recovery of attorney fees… In the absence of an express agreement to pay attorney's fees for enforcement of a contract, such are not recoverable in Tennessee )(citations omitted)(internal quotations omitted). However, Defendant is not "specifically" and "expressly" authorized by the agreement to collect attorney's fees in connection with its attempt to collect a debt from Plaintiff. Instead, the Agreement authorizes Defendant to collect attorneys' fees "as allowed by law," which, as just explained, is not allowed under Tennessee law for the kinds of claims that Defendant seeks.

Second, even if the Agreement authorized the Defendant to recover attorneys' fees in its breach of contract case against Plaintiff, which Plaintiff does not believe, there is nowhere in the Agreement that Defendant is authorized to collect exactly 33% of the amount owed as Defendant attempts to collect in this case. According to the Agreement itself, Plaintiff never agreed that Defendant could collect this amount. Nowhere in the Agreement is there a single mention of this 33% that Defendant attempted to collect on. Nor does Defendant provide any

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

evidence to support its position that it made any effort on Plaintiff's account at the time of sending the letter to Plaintiff justifying and award for that amount. *See e.g. Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 609 (11th Cir. 2014)("Nowhere on the form does [the Plaintiff] agree to a collection fee that is not tied to the actual costs of collection, let alone the 33–and–1/3% 'collection fee' he was ultimately assessed.")

Finally, the only other piece of evidence that Defendant offers to try and justify its position that it was authorized to collect on the amount that it collected on is a judgement that was obtained *after* Defendant sent the letter to Plaintiff. However, the judgment cannot authorize Defendant's recovery of the amount that it attempted to collect from Plaintiff at the time that it sent the letter. Instead, Defendant seeks to include the judgement as an admission that Plaintiff in fact owed this amount at that prior time. However, that is not what the judgment shows. *See e.g. Quality Ready Mix, Inc. v. Mamone,* 35 Ohio St.3d 224, 520 N.E.2d 193, 197 (Ohio 1988) (holding that a prior judgment on real property in one action did not bar ligation on that same property because "the obligations sought to be enforced by the two actions are separate and distinct"). Plaintiff's agreement to pay the judgment, simply shows that Defendant convinced Plaintiff to do so. Plaintiff herself claims that she had done so out of fear that her wages would be garnished. If anything, Plaintiff's agreement to pay Defendant for the full amount evidences Defendant's success in misleading and deceiving Plaintiff into making payments on amounts that it was not authorized to collect on. For these reasons, Defendant has provided no evidence in support of its position that it was authorized by agreement or by law to collect on the amount that it attempted to collect on, and Defendant's Motion should thus be denied.

### B. Defendant Has Not Met Its Burden In Showing That The July 12, 2017 Was Not False, Misleading and Deceptive

As explained above, Defendant was not authorized to collect on the amount that it claimed to collect in its July 12, 2017 Letter to Plaintiff. Further, there was no

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

litigation pending at the time of sending the Letter. Defendant's letter was thus false, misleading, and deceptive in at least the following ways: 1) The letter falsely, misleadingly, and deceptively represented that Plaintiff was required to pay attorney's fees; 2) The letter falsely, misleadingly, and deceptively represented that Plaintiff was required to pay 33% of the amount she owed in attorney's fees; 3) The letter falsely, misleadingly, and deceptively represented that litigation was currently pending; and 4) The letter falsely, misleadingly, and deceptively represented that Plaintiff would be required to pay further litigation expenses if she did not pay Defendant. Such actions are clearly in violation of 15 U.S.C. §§1692e and f.

As explained above, the FDCPA is to be broadly construed and the examples listed are not meant to be exhaustive. Instead, the question of whether a letter is false, misleading, or deceptive is a factual issue, usually reserved for a jury. Yet, it is clear from the Agreement and Defendant's Letter that its action were false, misleading, and deceptive. This is especially true, when viewed from the "least sophisticated consumer" standard.

First, to the extent that Defendant had no right under the Agreement to seek attorneys' fees, as explained above, sending letters to consumers that they owe this amount constitutes false representation of the character and amount of a debt, expressly prohibited by 15 U.S.C. § 1692e(2)(A) and a violation of the FDCPA. *See e.g. Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 713-14 (6th Cir. 2015) ("[I]f a debt collector seeks fees to which it is not entitled, it has committed a prima facie violation of the Act, even if there was no clear prior judicial statement that it was not entitled to collect the fees… If Ohio law clearly applied to this case, the analysis could end here; the fee-shifting provision would be unenforceable.")(citations omitted).

Further, even if Defendant simply had no right to collect on the *amount* of attorneys' fees, i.e. 33% of the alleged obligation, this would still constitute false, deceptive, and misleading collection practices, even if it were authorized to collect

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

some amount of attorneys' fees.[1] This exact issue was taken up by the Eleventh Circuit in *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir. 2014). In *Bradley*, the Defendant obtained a delinquent account and "added a 33-and 1/3% 'collection fee'" when attempting to collect on the debt. *Id.* at 609. The Court determined that while the Plaintiff was obligated to pay "costs of collection," the Defendant "failed to direct [the] Court to any evidence that the 33-and-1/3% 'collection fee'—which was assessed *before* [the Defendant] attempted to collect the balance due—bears any correlation to the *actual* cost of [Defendant]'s collection effort." *Id.* at 609-10. The Court agreed with the Eighth Circuit's holding "that the debt collector violated the FDCPA when it charged the debtor a collection fee based on a percentage of the principal balance of the debt due rather than the actual cost of collection. *Id.* at 609. (citing *Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir.2000) (per curiam)). The court explained, as here, "Nowhere on the form does [the Plaintiff] agree to a collection fee that is not tied to the actual costs of collection, let alone the 33–and–1/3% 'collection fee' he was ultimately assessed." *Id.* at 610. In reaching this holding the Court noted that whether or not the original creditor had an agreement with the debt collector who added these fees for this amount was irrelevant because the Plaintiff was not a party to that Agreement. *Id.* at 609-610.

Such actions are directly a violation of 15 U.S.C. §1692f, which expressly prohibits collecting an amount that is not expressly authorized by the agreement creating the debt or by law 15 U.S.C. §1692f(1). In fact, the Sixth Circuit itself cites to *Bradely* in *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 534 (6th Cir. 2014) when listing examples of what constitutes unfair and unconscionable debt

---

[1] The same would be true if Defendant attempted to collect under the obligation itself, absent attorneys' fees, in an amount that it was not authorized to collect on. Plaintiff requires and requests that the Honorable Court permit Plaintiff to engage in discovery on this and the other issues as explained below. Still, Defendant has provided no evidence at all to suggest that it met its burden at Summary Judgment that "obligation" amount was the correct amount, even absent the issue of attorneys' fees, as explained above.

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

collection practices generally prohibited by 15 U.S.C. 1692f. Furthermore, such actions are clearly false, deceptive, and misleading in violation of 15 U.S.C. §1692e. As the Court explained in *Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*, No. 1:04-CV-733, 2005 WL 2180481, at *4 (W.D. Mich. Sept. 9, 2005), although the Plaintiff agreed to pay a "reasonable attorney fee," "[t]he inclusion of a liquidated sum as attorney fees with the principal debt owed altered the terms of the contract between [the original creditor] and [the Plaintiff] and violated the FDCPA" because "the alteration of the terms of the contract misrepresents the amount of the debt owed and the compensation which may be received for the collection of the debt in violation of § 1692e(2)(A)." *See also Owens v. EquityExperts.org, LLC,* No. 16-10840, 2017 WL 4699044, at *4 (E.D. Mich. Oct. 19, 2017)(holding that although there is evidence that the Plaintiff "is liable for the costs of collection, including court costs and reasonable attorneys' fees," "[t]his language is broad and creates a question of fact concerning which costs and fees [Plaintiff] was responsible for… There is a genuine issue of fact as to whether [the Defendant] charged [the Plaintiff] fees beyond the actual costs of collection.")

Finally, the Sixth Circuit decision in *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 (6th Cir. 2015) is instructive as to why Defendant's inclusion of "Cheadle Law," "Obligation," and "Attorney Fees" in its letter misleads a consumer into believing that there is a pending lawsuit and that the consumer is under a legal obligation to pay additional legal fees under the least sophisticated consumer standard. In *Buchanan*, the court found that use of the term "settlement" refers to concluding a lawsuit. *Id*. at 399. If such a single phrase can lead the least sophisticated consumer to believe that there is currently pending litigation, then even more so would Defendant's very clear legal language. As the court in *Buchanan* explained, "As the addition of the term 'misleading' confirms, the statute outlaws more than just falsehoods. That is why truth is not always a defense, and that is why even a true statement may be banned for creating a misleading impression. *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015)(citations

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

omitted)(internal quotations omitted). As a result, to the extent that Defendant's letters mislead a reasonable consumer into believing 1) that there is pending litigation when there is not and 2) that if the consumer does not resolve the account with Defendant immediately they would be responsible for additional attorneys' fees, such actions are in clear violation of the FDCPA and specifically sections 1692e and f.

For these reasons, Plaintiff requests that Defendant's Motion be denied in its entirety.

### C. Defendant Is A Debt Collector

As a last ditch effort to avoid liability under the FDCPA, Defendant argues that Plaintiff's allegations that Defendant represented that it owned the debt evidences that Defendant is not a "debt collector" subject to liability under the FDCPA. *See* Defendant's Motion for Summary Judgment at 5. However, this argument is completely without merit. Plaintiff alleges that Defendant made representations that it owned the debt through its manner of collection in representing that a lawsuit was currently pending. This has no bearing on the issue of whether or not Defendant *actually* owned the debt and is subject to the FDCPA. Defendant itself admits to collecting on a debt on behalf of a third party, i.e. Advance Financial, in sending mail correspondence to Plaintiff, which it clearly does as a regular part of its business and without a doubt subjects it to liability under the FDCPA. *See* Cheadle Decl. at ¶¶3-4 and 15 U.S.C. §1692(a)6 ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, **or** who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.")(emphasis added). If anything, representing that it owned the debt when it did not, would further subject Defendant to misleading and deceptive debt collection practices under the FDCPA.

///

## D. Defendant's Motion Is Premature And Plaintiff Should Be Afforded An Opportunity To Conduct Discovery

Finally, Defendant's Motion for Summary Judgment should be denied so that Plaintiff can be afforded an opportunity to conduct discovery. The Defendant filed its Motion for Summary Judgment a mere three weeks after the scheduling conference, and neither party has issued discovery in this case. Plaintiff should be afforded an opportunity to obtain discovery on Defendant's policies and practices in the language that incorporates to letters that it sends to consumers, in collecting on amounts not authorized by the agreements, and in tacking on attorneys' fees as well as information about class members. Even with just respect to Plaintiff, Plaintiff has not had the opportunity to review the Agreement that Defendant had with Advance Financial, the breakdown of Defendant's time collecting on Plaintiff's account, or even the breakdown of the amount of the obligation, absent attorney's fees. Generally, Motions for Summary Judgment are based on "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," *see* Federal Rules of Civil Procedure 56(c)(1)(a), and Plaintiff was not afforded an opportunity to receive *any* of these basic elements of discovery with which our judicial system is based. *See e.g. White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994)( "It follows that a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery"); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) ("It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment.")(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); and, *Vance By & Through Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996) ("Most significant to the conclusion we reach is the fact that no discovery was conducted before the motion for summary judgment was filed and decided.")

## VI.    CONCLUSION

The true and accurate record before the Court demonstrates that Defendant is not entitled to summary judgment.  For these reasons, Defendant's Motion should be summarily denied.

Dated: February 22, 2018

BY:    /s/ Todd M. Friedman
       Todd M. Friedman, Esq. (*admitted Pro Hac Vice*)
       The Law Offices of Todd M. Friedman, P.C.
       21550 Oxnard St., Suite 780
       Woodland Hills, CA 91367
       Phone: 877-206-4741
       tfriedman@toddflaw.com
       Attorney for Plaintiff

       Susan S. Lafferty, Esq. BPR #025961
       Lafferty Law Firm, P.C.
       555 Marriot Drive, Suite 315
       Nashville, TN 37214
       (T) (615) 878-1926
       (F) (615) 472-7852
       (E) SusanL@laffertylawonline.com
       Attorney for Plaintiff

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## **CERTIFICATE OF SERVICE**

Filed electronically on this 22nd day of February, 2018, with:

United States District Court CM/ECF system

Notification sent electronically on this 22nd day of February, 2018, to:

Honorable Judge Crenshaw
United States District Court
Middle District of Tennessee


Phillip Byron Jones
Evans, Jones & Reynolds, P.C.
SunTrust Plaza, Suite 710
401 Commerce Street
Nashville, TN 37219
pjones@ejrlaw.com
Attorneys for Defendant, Cheadle Law

s/ Susan S. Lafferty
Susan S. Lafferty, Esq.