UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHERRY BOOKER, | ) | |
| | ) | No. 3:17-cv-01394 |
| Plaintiff | ) | Chief Judge Crenshaw |
| | ) | |
| v. | ) | |
| | ) | DEFENDANT'S REPLY BRIEF |
| CHEADLE LAW, | ) | IN FURTHER SUPPORT OF |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ) | |

The Defendant has moved for Summary Judgment **[Doc. 15]**. On February 22, 2018, Plaintiff filed its opposition brief **[Doc. 21]**. Consistent with the Court's Scheduling Order **[Doc. 20]**, Defendant submits the following, as its **Reply** Brief:

**Introduction**

The Plaintiff borrowed money from a lender known as Harpeth Financial Services, LLC d/b/a Advance Financial 24/7 ("the Lender"). Plaintiff later defaulted on that loan. The Lender then hired the Defendant (a law firm) to collect the loan. Defendant sent a demand letter to Plaintiff dated June 12, 2017 and, thereafter, a lawsuit was filed against her.

In this case, Plaintiff contends that Defendant's letter, *i.e.,* the one dated June 12, 2017, violated the Fair Debt Collection Practices Act because it allegedly contained "*misrepresentations*," which "*misled her.*" She identifies two (2) misrepresentations.[1]

---

[1] Plaintiff filed this action with the assistance of an out-of-state law firm. The Complaint contains several paragraphs that are demonstrably unrelated to the clear facts set out in other paragraphs, and which indicate Plaintiff's counsel used a form pleading or cut-and-paste from some other case.

**The Scope of Plaintiff's Claims**

Again, all of the Plaintiff's claims arise out of a single letter; namely, the demand letter sent by the The Cheadle Law Firm on June 12, 2017, which is set forth in its entirety in its earlier Memorandum **[Doc. 16]**.

With regard to that letter, Plaintiff has asserted a very limited claim. Plaintiff claims the letter said or inferred that Defendant had obtained "ownership" of the financial obligation **[Pl. Complaint, ¶6]** and that she was led to believe that due to a "pending" lawsuit, that she was under an obligation to pay legal fees **[Pl. Complaint, ¶7]**. Again, and as this Court can easily conclude, the letter sent on June 12, 2017 does not contain the words "own," "owns," "owned," "ownership," or the like. Additionally, the letter does not make any mention of a "lawsuit" or of a "pending lawsuit." **[Cheadle Aff., Doc. 17, and 17-2]**

Realizing these deficiencies, Plaintiff is <u>now</u> attempting to re-draft her Complaint, by raising new allegations in her response to Defendant's Motion **[Doc. 21]**. In her response, Plaintiff now claims that the Defendant "*attempted to collect attorneys' fees that it was not authorized to collect on by misrepresenting that it was owed this amount…*" **[Doc. 21, p. 5 of 22]**. She then provides a vague assessment of what Tennessee law purports to be regarding the collection of attorneys' fees. She also claims that Defendant failed to provide a "breakdown" of the amount of the $4,067.83 obligation. In essence, Plaintiff now wants this Court to re-litigate the underlying lawsuit filed against her in the General Sessions Court for Davidson County. This is notwithstanding that she was served with that lawsuit, provided the right to a trial and, instead, signed an agreement which was incorporated by the lower Court into a monetary Judgment **[Cheadle Aff., ¶¶ 8-9; Doc. 17, and 17-3]**.

**Plaintiff Has Admitted All Material Facts**

The amount sought in that lawsuit and the amount sought for legal fees have been confirmed under oath by the Affidavit of John Cheadle **[Doc. 17]**, (which Plaintiff has not and cannot dispute). Additionally, in her response to Defendant's Statement of Uncontested Facts, Plaintiff admitted the material facts; namely, Plaintiff admitted <u>each</u> of the following statements:

1. On June 29, 2015, the Plaintiff, Sherry Booker, entered into a written agreement with an entity known as Harpeth Financial Services, LLC d/b/a Advance Financial 24/7 (the "Lender") **[Cheadle Aff., ¶2]**. That agreement was titled "*Advance Financial Flex Loan Plan Disclosure and Account Agreement*" **[Cheadle Aff., ¶2]**.

2. The Cheadle Law Firm has represented for some time the Lender **[Cheadle Aff., ¶3]**.

3. The Lender retained the Cheadle Law Firm to collect the balance owed to it by the Plaintiff **[Cheadle Aff., ¶4]**.

4. On June 12, 2017, the Cheadle Law Firm sent a demand letter to Plaintiff. **[Cheadle Aff., ¶5]**

5. On July 6, 2017, the Cheadle Law Firm filed suit against the Plaintiff in the General Sessions Court for Davidson County, in Case No. 17GC14504. The lawsuit was filed on a sworn account and sought to recover the unpaid loan amount of $4,067.83 plus attorneys' fees of $1,355.94 for a total claim of $5,423.77. Davidson County Sheriff's Deputy, Danny Newman, served Plaintiff with the court papers on July 11, 2017 **[Cheadle Aff., ¶6]**.

6. The case was set on the Court's Docket for August 2, 2017 **[Cheadle Aff., ¶7]**.

7. An agreement was reached, in open Court, whereby Plaintiff would pay the Judgment in monthly installments of $100 on the 23rd day of each month, beginning August 23, 2017, with said payments to increase six months thereafter **[Cheadle Aff., ¶9]**.

**Cheadle's Supplemental Affidavit**

Mr. Cheadle's earlier Affidavit verified the amount that he was asked to pursue by Plaintiff's lender. In connection with this Reply Brief, Defendant has submitted the Supplemental Affidavit of Mr. Cheadle. In his Supplemental Affidavit, Mr. Cheadle has highlighted the loan statement for the loan Plaintiff procured from her lender. He has also addressed the claim for

legal fees. Significantly, the Affidavit and Supplemental Affidavit of Mr. Cheadle confirm the following:

- The amount owed by Plaintiff to her lender was $4,067.83.

- The amount identified in the Defendant's demand letter was $4,067.83.

- The amount sought for attorneys' fees in the letter was $1,355.94.

- The amount sought in the lawsuit filed by the Defendant for its client against the Plaintiff was for those exact same amounts; *i.e.,* $4,067.83 plus $1,355.94.

- The Judgment signed by Plaintiff, and then entered against her was for those exact same amounts; *i.e.,* $4,067.83 plus $1,355.94.

**Attorneys' Fees**

With regard to the claim for attorneys' fees, it again must be noted that the amount sought for attorneys' fees was not raised as a claim in the Complaint that Plaintiff filed with this Court. Yet, in her response **[Doc. 21]**, she now attacks the amounts sought in the lower Court for legal fees and questions the legality of the General Sessions Court claim for those fees.

With regard to legal fees, Tennessee follows the American Rule, which is that attorneys' fees are not automatically awarded to a prevailing party in litigation. However, they are awarded if provided for by statute or a contractual provision. *See, Cracker Barrel Old Country Store, Inc. v. Epperson,* 284 S.W. 3d 303, 311 (Tenn. 2009). *See also, Eberbach v. Eberbach,* 2017 Tenn. LEXIS 281 (Sup. Ct. 2017) confirming that the American Rule has exceptions that provide for the recovery of attorneys' fees where expressly permitted by statute or by contract.

The agreement Plaintiff signed with her lender expressly authorizes the Lender to recover "attorneys' fees." **[Cheadle Aff., Doc. 17, and 17-1]** Additionally, the Judge in the General Sessions Court case filed against Plaintiff entered a Judgment which specifically included an award of attorneys' fees. **[Cheadle Aff., Doc. 17, and 17-3]**

**Conclusion**

Notwithstanding Plaintiff's efforts to re-write her Complaint, her lawsuit is streamlined and contains only two claims; to wit:

- That Defendant's letter misrepresented Defendant "owned" the debt; and,
- That the letter misrepresented that there was a pending lawsuit.

As is clear in reading the actual letter, neither claim is true. Notwithstanding, Plaintiff has filed a Complaint apparently cobbled together from other wildly dissimilar lawsuits.

There is no material issue of fact regarding Plaintiff's limited claims. Therefore, Defendant is entitled to Summary Judgment as a matter of law.

Respectfully submitted,

/s/ Phillip Byron Jones
**Phillip Byron Jones** (#14125)
Evans, Jones & Reynolds, P.C.
SunTrust Plaza, Suite 710
401 Commerce Street
Nashville, TN 37219
(615) 259-4685 Telephone
Pjones@ejrlaw.com
*Attorneys for Defendant, Cheadle Law*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this the 7th day of March, 2018, as follows:

| Addressee | Method(s) of Service |
|---|---|
| **Susan S. Lafferty, Esq.**<br>Lafferty Law Firm, P.C.<br>555 Marriott Drive, Suite 315<br>Nashville, TN   37214<br>susanl@laffertylawonline.com<br><br>*Attorney for Plaintiff* | ☒  Electronically via the Court's ECF System<br><br>☐  U.S. Postal Service (First-Class, Postage Prepaid)<br><br>☐  Email |
| **Todd M. Friedman, Esq.**<br>Law Offices of Todd M. Friedman<br>21550 Oxnard Street, Suite 780<br>Woodland Hills, CA   91367<br>tfriedman@toddlfaw.com<br><br>*Attorney for Plaintiff* | ☒  Electronically via the Court's ECF System<br><br>☐  U.S. Postal Service (First-Class, Postage Prepaid)<br><br>☐  Email |

822529.016

/s/ Phillip Byron Jones
**Phillip Byron Jones, Esq.**