**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SHERRY BOOKER,** | ) | |
| | ) | **No. 3:17-cv-01394** |
| **Plaintiff** | ) | **Chief Judge Crenshaw** |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT'S RESPONSE TO** |
| **CHEADLE LAW,** | ) | **PLAINTIFF'S STATEMENT OF** |
| | ) | **UNCONTROVERTED FACTS** |
| **Defendant.** | ) | |

In connection with Defendant's Motion for Summary Judgment **[Doc. 15]**, it submitted its Statement of Uncontested Facts **[Doc. 18]**, which included ten (10) Statements. The Plaintiff has confirmed that nine (9) of those ten (10) statements are "undisputed."[1]

In Further response, the Plaintiff has submitted eleven **additional** Facts. In response to those Statements, Defendant states as follows:

1.      Plaintiff alleges that Defendant, by its conduct, has violated the provisions of the FDCPA by:

a) Falsely representing the character, amount, or legal status of Plaintiff's alleged debt (§ 1692e(2)(A));

b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

f) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)).

---

[1] She disputes only Statement No. 7, which is not material to this case involved herein but, instead, was provided for purposes of historical content.

RESPONSE:

**It is admitted that in Plaintiff's unsworn lawsuit she alleged the allegations set forth in No. 1.**

2.      Plaintiff alleges that Defendant committed misleading, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, Cheadle Law, in an effort to deceive consumers into paying for additional fees that they in fact do not owe.

RESPONSE:

**It is admitted that in Plaintiff's unsworn lawsuit she alleged the allegations set forth in No. 2.**

3.      Plaintiff alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from her and other consumers by systematically sending them mail based collection correspondence that provided a file number, a list of attorney's fees, and that these consumers owed an "obligation" that that they in fact did not owe.

RESPONSE:

**It is admitted that in Plaintiff's unsworn lawsuit she alleged the allegations set forth in No. 3.**

4.      On December 12, 2017, Defendant filed its answer generally denying the material allegations alleged in the Complaint.

RESPONSE:

**Admitted.**

5.      Plaintiff is a natural person residing in Davidson, Tennessee who is obligated or allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

RESPONSE:

**Admitted.**

6.      Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

RESPONSE:

**Admitted.**

7.      Defendant's Letter on June 12, 2017, led Plaintiff to believe that due to a pending lawsuit, she was under a legal obligation to pay Defendant's legal fees.

RESPONSE:

**Disputed.   Defendant's letter of June 12, 2017 does not make any mention of a "lawsuit" or of a "pending lawsuit."   [Cheadle Aff., ¶ 5; Doc. 17, and 17-2]**

8.      Prior to receiving the letter, Plaintiff did not believe that she owed this amount and was surprised and scared by the letter.

RESPONSE:

**Disputed.   To the contrary, Plaintiff appeared in court thereafter and acknowledged the underlying debt.   She then signed an Agreed Judgment and participated in the presentation of that Judgment to the Judge of the General Sessions Court for Davidson County, whereby the agreement was incorporated into a Judgment against Plaintiff [Cheadle Aff., ¶¶ 8-9; and Doc. 17, and 17-3].**

9.     In order to avoid getting sued and to be forced to pay additional legal fees, Plaintiff felt that she had no choice but to contact Defendant in order to set up a payment plan so that she would not be subject to further legal action, such as garnishment of her wages.

RESPONSE:

**Disputed.   To the contrary, Plaintiff appeared in court and acknowledged the underlying debt.   She then signed an Agreed Judgment and participated in the presentation of that Judgment to the Judge of the General Sessions Court for Davidson County, whereby the agreement was incorporated into a Judgment against Plaintiff [Cheadle Aff., ¶¶ 8-9; Doc. 17, and 17-3].**

10.     Defendant refused Plaintiff's request to set up a payment plan and initiated a case against her.

RESPONSE:

**Disputed.   To the contrary, Defendant (on behalf of its client; *i.e.,* Plaintiff's lender) accepted a payment plan as evidenced by the written payment plan set forth on the General Sessions Court's Order which Plaintiff signed [Cheadle Aff., ¶¶ 8-9; Doc. 17, and 17-3].**

11.     As a result of Defendant's legal action, Plaintiff agreed to set up a payment plan with Defendant so as to avoid having Defendant garnish her wages, force her to pay additional legal fees, and signed the judgment.

RESPONSE:

**Admitted.**

Respectfully submitted,


/s/ Phillip Byron Jones
**Phillip Byron Jones** (#14125)
Evans, Jones & Reynolds, P.C.
SunTrust Plaza, Suite 710
401 Commerce Street
Nashville, TN 37219
(615) 259-4685 Telephone
Pjones@ejrlaw.com
*Attorneys for Defendant, Cheadle Law*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on this the 7th

day of March, 2018, as follows:

| Addressee | Method(s) of Service |
|---|---|
| **Susan S. Lafferty, Esq.**<br>Lafferty Law Firm, P.C.<br>555 Marriott Drive, Suite 315<br>Nashville, TN   37214<br>susanl@laffertylawonline.com<br><br>*Attorney for Plaintiff* | ☑   Electronically via the Court's ECF System<br><br>☐   U.S. Postal Service (First-Class, Postage Prepaid)<br><br>☐   Email |
| **Todd M. Friedman, Esq.**<br>Law Offices of Todd M. Friedman<br>21550 Oxnard Street, Suite 780<br>Woodland Hills, CA   91367<br>tfriedman@toddlfaw.com<br><br>*Attorney for Plaintiff* | ☑   Electronically via the Court's ECF System<br><br>☐   U.S. Postal Service (First-Class, Postage Prepaid)<br><br>☐   Email |

822529.014

/s/ Phillip Byron Jones
**Phillip Byron Jones, Esq.**