UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| SHERRY BOOKER, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:17-cv-01394 |
| CHEADLE LAW, | ) ) ) | CHIEF JUDGE CRENSHAW |
| Defendant. | ) | |

# ORDER

This putative class action is brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The case arises from a letter sent by the Defendant to the Plaintiff in an attempt to collect a debt on behalf of a third party. Plaintiff alleges, among other things, that Defendant misled her as to the pendency of a lawsuit by using the term "obligation" and claiming a high amount of attorney's fees. Defendant maintains that it made no actionable misrepresentations.

In January 2018, the Magistrate Judge issued an Initial Case Management Order. (Doc. No. 13.) This Order provided that (1) a class certification motion would be filed by May 25, 2018; (2) discovery would be completed by July 27, 2018; and (3) dispositive motions would be filed by December 20, 2018.[1] (Id.) However, only several weeks later, before the parties had any meaningful opportunity to begin discovery, Defendant filed a Motion for Summary Judgment. (Doc. No. 15.) In the Motion, Defendant briefly argues that its letter to Booker "simply does not violate the [FDCPA]." (Id. at 4.) In a more lengthy response, Plaintiff disputes that assertion on

---

[1] By separate order, the Court set trial for May 7, 2019. (Doc. No. 14.)

the facts and the law. (Doc. No. 21.) More importantly, Plaintiff argues that the Motion should be denied so that Plaintiff can be afforded an opportunity to conduct discovery. (Id. at 16.)

Pursuant to Federal Rule of Civil Procedure 56, motions for summary judgment are usually based on the results of discovery – i.e., "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(a). At the time of the motion and its briefing, Plaintiff had not had the opportunity to seek or receive any of these basic elements of discovery. Although Rule 56(b) allows a party to file for summary judgment "at any time," Fed. R Civ. P. 56(b), "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." Vance by & through Hammons v. United States, 90 F.3d 1145, 1149 (6th Cir. 1996); Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004) ("It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment."); White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir. 1994) ("Yet we nevertheless conclude that summary judgment should not have been awarded until the plaintiffs were allowed some opportunity for discovery. . . . In the instant case, we find that the grant of summary judgment, absent *any* opportunity for discovery, is such a misuse."); accord CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir. 2008); Plott v. Gen. Motors Corp., 71 F.3d 1190, 1195 (6th Cir. 1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).[2]

---

[2] The non-movant bears the obligation to inform the district court of its need for discovery. Ordinarily, this is accomplished by filing an affidavit requesting additional discovery under Federal Rule of Civil Procedure 56(d). However, such formal procedures "may not be required 'when a party has clearly explained its need for more discovery . . . prior to or contemporaneously with the motion for summary judgment.'" Unan v. Lyon, 853 F.3d 279, 293 (6th Cir. 2017) (quoting United States v. Rohner, 634 F. App'x 495, 504 (6th Cir. 2015)).

Guided by this precedent, the Court finds that Defendant's Motion for Summary Judgment was premature. Plaintiff should have been afforded an opportunity to obtain *some* discovery (including, e.g., information regarding Defendant's policies and practices concerning the language that incorporates in letters that it sends to consumers, in collecting on amounts that Defendant claims are authorized by relevant underlying agreements, in calculating attorney's fees charged to debtors, information about potential class members, etc.) before being forced to respond to dispositive motion practice. Moreover, Plaintiff's response to the motion for summary judgment has satisfactorily apprised the Court of her needs. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 15) is **DENIED WITHOUT PREJUDICE**. Fed. R. Civ. P. 56(d); see also, e.g.,; Moore v. Shelby Cty., Ky., 718 F. App'x 315, 319 (6th Cir. 2017) (where defendants had filed motion for summary judgment shortly after court entered its scheduling order, and plaintiff had argued in her opposition that she had an inadequate opportunity for discovery, reversing grant of summary judgment as premature and observing that "[c]ommon sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence"); Bell v. Northland Grp., Case No. 17-12746, 2018 WL 1792368, at *3 (E.D. Mich. Apr. 16, 2018) (denying summary judgment where defendant filed the motion shortly after initial scheduling conference and non-movant had almost no opportunity to conduct discovery).[3] The dispositive motion deadline remains in place. This matter remains referred to the Magistrate Judge for ongoing case management.

---

[3] It appears from the docket that the parties are now properly engaged in discovery and have recently filed a stipulation as to the extension of certain deadlines. (Doc. No. 32.)

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE

4