# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **SHERRY BOOKER**, individually and on behalf of all others similarly situated, | ) CASE NO.: 3:17-CV-01394 |
| Plaintiff, | ) **OPPOSITION TO DEFENDANT'S** |
| v. | ) **RENEWED MOTION FOR** |
| | ) **SUMMARY JUDGMENT** |
| **CHEADLE LAW**, | ) [Filed concurrently with Declaration |
| | ) of Sherry Booker and Todd M. |
| Defendant. | ) Friedman] |
| _____ | ) |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................II

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................1

I.   INTRODUCTION .........................................................................................1

II.  THE FAIR DEBT COLLECTION PRACTICES ACT..................................................3

III. STATEMENT OF FACTS ...............................................................................6

      A.  Introductory Allegations .....................................................................6

      B.  Defendant's Representations to Plaintiff .................................................8

      C.  Plaintiff's Agreement With Harpeth Financial services, LLC dba Advance
         Financial 24/7..................................................................................9

IV. LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT............................9

V.  LEGAL ARGUMENT....................................................................................10

      A.  Defendant Has Not Met Its Burden In Showing That The July 12, 2017
         Was An Attempt To Collect On An Amount Authorized By The
         Agreement Or By Law..........................................................................10

      B.  Defendant Has Not Met Its Burden In Showing That The July 12, 2017
         Was Not False, Misleading and Deceptive ...............................................13

      C.  Defendant Is A Debt Collector ............................................................17

      D.  Plaintiff Has Suffered Damages As A Result of Defendant's Letter....................18

      E.  This Matter Is Suitable for Class Wide Adjudication ...................................18

VI. CONCLUSION.............................................................................................19

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Cases**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 ................................................................ 10

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242............................................................ 10

*Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 ...................................... 12, 15

*Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 ............................................... 5, 10, 16

*Celotex Corp. v. Catrett*, 477 U.S. 317 ....................................................................... 10

*Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303 ...................... 11

*Currier v. First Resolution Inv. Corp.*, 762 F.3d 529 ....................................... 5, 6, 15

*Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08CV408, 2013 WL 5276541 ......................... 11

*Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 .............................................................. 15

*Long v. County of Los Angeles*, 442 F.3d 1178 ............................................................ 10

*Owens v. EquityExperts.org, LLC,* No. 16-10840, 2017 WL 4699044 ........................ 16

*Quality Ready Mix, Inc. v. Mamone,* 35 Ohio St.3d 224 .............................................. 13

*Rodgers v. Banks*, 344 F.3d 587 ................................................................................... 10

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978......................................................... 10

*Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*, No. 1:04-CV-733, 2005

WL 2180481 .................................................................................................................. 16

*Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443 .......................................... 5

*Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn.*, 322 F.3d 1039......... 10

*Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323................................................... 5

*Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710............................................................ 14

**Statutes**

15 U.S.C. 1692.......................................................................................................... 4, 17

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Fed. R. Civ. P. 56........................................................................................................................ 9, 10

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This is a class action lawsuit brought by Plaintiff Sherry Booker ("Plaintiff") against Defendant Cheadle Law ("Defendant") for sending out mail correspondence to thousands of consumers seeking to collect attorneys' fees that were never authorized by any agreement nor related in any way to the amount of fees actually incurred by Defendant or owed by the consumer-debtor. Indeed, Defendant readily admits to having engaged in this practice, continues to do so, and refuses to do stop. Instead of presenting a viable defense, Defendant unfortunately resorts to making ad hominem attacks, apparently conceding that it has no legitimate basis to avoid liability.  Such refusal to take seriously its common and systematic violations of the Fair Debt Collection Practices Act ("FDCPA") makes Defendant's conduct even more deplorable.   Defendant's Renewed Motion for Summary Judgment continues this pattern of bad behavior, with flippant disregard for the law.

In its Renewed Motion for Summary Judgment, Defendant attacks Plaintiff and Plaintiff's counsel's character, completely ignores the arguments made by Plaintiff in her previous Opposition to Defendant's Motion for Summary Judgment, sidesteps its individual and class wide liability and, and makes misrepresentations to the Court multiple times. For example, Defendant spends much of its Motion on irrelevant rhetoric purely for the sake of ad hominem attacks, such as that Plaintiff has obtained other loans and claiming (with no basis whatsoever) that Plaintiff is really focused only on trying to leverage the Defendant with a possible class action. In addition, Defendant states that Plaintiff did not ask a single question about the misrepresentations made by Defendant, which is patently false. This is all a smokescreen to obfuscate reality and sidestep the merits of this straightforward action.  The crux of why summary judgment should be denied, can be easily distilled down to Defendant's failure to advance any argument explaining how of why it was entitled to collect the **_amount_** of attorney's fees that it sought to collect, despite

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff providing cited Sixth Circuit precedent on this very issue in Plaintiff's previous Opposition for Motion for Summary Judgment.[1]

As articulated in Plaintiff's previous Opposition to Defendant's Motion for Summary Judgment, Plaintiff brings the present action alleging that Defendant violated multiple provisions of the when it sent mail correspondence to consumers nationwide that falsely, misleadingly and deceptively mischaracterized the debts that it was attempting to collect on. Specifically, Defendant attempted to collect attorneys' fees that it was not authorized to collect on by misrepresenting that it was owed this amount, and gave consumers the impression that litigation was currently pending, when it was not, in order to deceive consumers into making payments on these amounts that they did not owe.

While this is a factual issue, usually reserved for a jury, Defendant argues that it is entitled to judgment as a matter of law based on an Agreement that Plaintiff had with the original creditor of the alleged debt. However, this does not support Defendant's position. The Agreement only authorizes the recovery of attorneys' fees as permitted by law, and under Tennessee law, Defendant is not entitled to collect

---

[1] Defendant's refusal to have this matter heard on the merits is further made clear by its continued abuse of the discovery process. Three weeks after the initial scheduling conference, Defendant filed its Motion for Summary Judgment, without giving Plaintiff an opportunity to conduct discovery. The Honorable Court denied Defendant's Motion for Summary Judgment stating "Plaintiff should have been afforded an opportunity to obtain *some* discovery (including, e.g., information regarding Defendant's policies and practices concerning the language that incorporates in letters that it sends to consumers, in collecting on amounts that Defendant claims are authorized by relevant underlying agreements, in calculating attorney's fees charged to debtors, information about potential class members, etc.) before being forced to respond to dispositive motion practice." Order Denying Defendant's Motion for Summary Judgment Dkt. 34. Even after this Order, instead of providing the requested documents, Defendant chose to refile its motion for summary judgment, contrary to the Honorable Court's Order stating that Plaintiff was entitled to this information prior to responding to dispositive Motion Practice. Plaintiff has filed a Motion to Compel Defendant's Discovery Responses, which is currently pending before the Honorable Court.

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

attorneys' fees for the enforcement of a debt obligation such as this without a specific and explicit provision allowing it to do so. Further, the Agreement certainly does not authorize Defendant to collect exactly 33% of the alleged debt obligation in attorneys' fees, the amount that Defendant sought to collect from Plaintiff, and Defendant in fact admits that such fees were in no way tied to the actual amount of fees that it incurred.[2]

For these and other reasons, as explained more fully below, Plaintiff respectfully requests that the Honorable Court deny Defendant's Motion for Summary Judgment in its entirety.

## II.    THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff alleges that Defendant, by its conduct, has violated the provisions of the FDCPA by:

a) Falsely representing the character, amount, or legal status of Plaintiff's alleged debt (§ 1692e(2)(A));

b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

_____

[2] As a demonstrative example, imagine a lawyer brings a lawsuit for a plaintiff under a law with a fee shifting statute, and has a retainer agreement with the client that he will seek reasonable fees as awarded by a court. The fee shifting statute under state law entitles the lawyer to recovery of reasonable fees. Those must be supported by a lodestar analysis. Assume the defendant does not respond and is subject to a default of $100,000, plus reasonable fees. The lawyer incurred only $5,000 in reasonable fees and costs drafting the complaint and filing default papers, but decides arbitrarily that 1/3 of the recovery would be a reasonable amount for his efforts. The court would award a judgment of $105,000, not $133,333.33. That is because there is no contractual privity or logical connection between the lawyer's request for 1/3 of the recovery and the company he is suing for his client. The lawyer can't simply go into court and say that he gets 1/3 of the recovery on top to be paid by the company. Neither can the attorney justify $333,333 for the minimal work that he performed as being a reasonable amount of fees. That is not how fee-shifting provisions in contracts work. But this is exactly the position Defendant has taken in the case at bar. Defendant's position is riddled with fallacy.

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

f) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)).

Plaintiff's Undisputed Material Fact 1. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e). As the Sixth Circuit explained:

> The Fair Debt Collection Practices Act is an extraordinarily broad statute" and must be construed accordingly. The FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent, and does not have to have suffered actual damages. Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in eliminating abusive debt collection practices. Strict liability places the risk of penalties on the debt collector that engages in activities which are not entirely lawful, rather than exposing consumers to unlawful debt-collector behavior without a possibility for relief. By allowing a prevailing plaintiff to recover attorneys' fees, Congress further placed the cost of enforcing the FDCPA squarely on the group that could most easily ensure that the Act is not violated—the debt collectors themselves. The FDCPA protects both consumers and honest and ethical debt collectors who might otherwise be impelled to adopt their competitors' more profitable bad practices to avoid being completely disadvantaged…

> To determine whether a debt collector's conduct runs afoul of the FDCPA, courts must view any alleged violation through the lens of the 'least sophisticated consumer'—the usual **objective legal standard** in consumer protection cases…

> The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This effort is grounded, quite sensibly, in the assumption that consumers of below-average sophistication or intelligence are especially vulnerable to fraudulent schemes. The standard thus serves

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

a dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.

*Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 448–51 (6th Cir. 2014), (emphasis added) (citations omitted)(internal quotations omitted).

In order to establish a violation of 15 U.S.C. §1692e, Plaintiff must simply show (1) the Plaintiff is a consumer, (2) that the debt arises out of transactions which are primarily for personal, family or household purpose, (3) that the Defendant is a debt collector, and (4) that Defendant violated one of the § 1692e provisions. *See Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). The list of violations, however, are "illustrative" and "non-exhaustive." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015). 15 U.S.C. §1692e "bans ***all*** false, deceptive, or misleading debt-collection practices. As the addition of the term 'misleading' confirms, the statute outlaws more than just falsehoods. That is why truth is not always a defense, and that is why even a true statement may be banned for creating a misleading impression." *Id.* (citations omitted)(internal quotations omitted). Whether a statement is misleading is analyzed in the objective context of whether it would be misleading to a least sophisticated consumer. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 448–51 (6th Cir. 2014).

15 U.S.C. §1692f, on the other hand, is a general prohibition on "unfair or unconscionable means to collect or attempt to collect any debt." Here too, the statute is helpful in providing "a non-exhaustive list of conduct that rises to that level." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 534 (6th Cir. 2014). As the Sixth Circuit set out:

The listed conduct includes acceptance or solicitation of a postdated check absent certain circumstances, charging any person for communications by concealing the true purpose of the communication, taking or threatening to take an action to dispossess or disable property when there is no present right in the property, communicating with a consumer about a debt via postcard, or sending mail with any symbol other than the debt collector's address and non-identifying business

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

name. **The term also includes the collection of any amount not expressly authorized by the debt agreement or by law**. Other actions that courts have determined to be potentially "unfair" under § 1692f include attaching law-firm generated documents resembling credit card statements to a state collection complaint, sending a collection letter that questioned the debtor's honesty and good intentions, filing for a writ of garnishment against a debtor who was current in payments, and **collecting 33% of a debt balance as a collection fee**.

*Id*. (citations omitted)(internal quotations omitted)(emphasis added).

## III.   STATEMENT OF FACTS

### A. Introductory Allegations

This case arises because of misleading, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, Cheadle Law ("Defendant"), in an effort to deceive consumers into paying for additional fees that they in fact do not owe. Plaintiff's Undisputed Material Fact 2.

Defendant, Cheadle Law is a debt collector in the business of collecting consumer debts on behalf of original creditors. Plaintiff's Undisputed Material Fact 6. Its practice is to send letters to alleged borrowers prior to initiating a judicial proceeding. Plaintiff's Undisputed Material Fact 6. Since October of 2016 to the present, Defendant sent letters seeking to collect an alleged debt to approximately 11,000 borrowers. Plaintiff's Undisputed Material Fact 8. These letters were all substantially the same with only three minor differences. Plaintiff's Undisputed Material Fact 9. All three listed the name of the original creditor, the amount of the obligation, and had the same body of text. Plaintiff's Undisputed Material Fact 10. However, the first kind of letter included a section for attorney's fees, the second kind of letter was the same of as the first letter but indicated in the first sentence that the letter was for insurance subrogation, and the third and final letter was the same as the first letter but did not include a section on attorney's fees. Plaintiff's Undisputed Material Fact 11.

Between 50% to 75% the individuals who received letters from the Defendant,

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

received letters of the first kind, i.e. between 5,500 to 8,250. Plaintiff's Undisputed Material Fact 12. Of those that received the first kind of letter, the amount of attorneys' fees sought to be collected were determined in two ways. If the agreement between the original creditor and the borrower specifically stated the amount of attorney's fees that the original creditor was entitled to collect, then the Defendant would seek to collect that amount. Plaintiff's Undisputed Material Fact 13. However, if the original creditor and the borrower did not have an agreement as to the amount of attorneys' fees that the original creditor could seek to collect, then the Defendant would make up the number, which is usually one third of the amount of the obligation, unless the borrower resides in a jurisdiction where Defendant knows that the court will award a different amount. Plaintiff's Undisputed Material Fact 14. Defendant estimates that at least forty five percent of those individuals who received the first kind of letter received a letter seeking to collect an amount of third of the debt obligation. Plaintiff's Undisputed Material Fact 15. That is between October of 2016 to the present at least 2,475 people, including Plaintiff, received a letter from Defendant, where the letter listed attorneys' fees in the amount of one third of the obligation and the original creditor and the borrower did not agree to this amount of attorneys' fees. Defendant keeps records of all these letters and the exact number of individuals can be determined by examination of these records. Plaintiff's Undisputed Material Fact 16.

This amount is not based on the actual amount of fees incurred by Defendant as a result of its attempt to collect the alleged debt. Undisputed Material Fact 17. Instead, this amount is calculated by Cheadle Law when there is an attorney's fee provision in the lending document between the original creditor and the borrower which allows for the recovery of reasonable attorney's fees or reasonable collection costs and attorney's fees but does not include a specific percentage of fees. Undisputed Material Fact 18. Defendant maintains electronic copies of each of these

letters, which also contains the name and addresses of these individuals. Undisputed Material Fact 19. Defendant has stated that it will not stop engaging in this practice and will continue to do so. Undisputed Material Fact 20.

Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers that they were under a legal obligation to pay Defendant's legal fees in order to deceive them into making payments that they did not owe and would otherwise not have paid.

## B. Defendant's Representations to Plaintiff

Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiff a collection letter dated June 12, 2017. Defendant's Undisputed Material Fact 14. In the June 12, 2107 letter, Defendant provided a file number, a list of attorney's fees, and that Plaintiff owes an "obligation" to Defendant, a law firm. *Id*. Specifically, Defendant's letter on June 12, 2017 stated, "Cheadle Law" has obtained ownership of an "Amount of Obligation: $4,067.83" and is charging Plaintiff "Attorney Fees: $1,355.94. *Id*. Ultimately, this letter misled Plaintiff into believing that she was under a legal obligation to pay Defendant's legal fees. Plaintiff's Undisputed Material Fact 21. Prior to receiving the letter, Plaintiff did not believe that she owed this amount and was surprised and scared by the letter. Plaintiff's Undisputed Material Fact 22. In order to avoid getting sued and to be forced to pay legal fees, Plaintiff felt that she had no choice but to contact Defendant in order to set up a payment plan so that she would not be subject to further legal action, such as garnishment of her wages. Plaintiff's Undisputed Material Fact 23. Defendant refused Plaintiff's request to set up a payment plan and initiated a case against her. Plaintiff's Undisputed Material Fact 24.

As a result of Defendant's legal action, Plaintiff agreed to set up a payment plan with Defendant for the amount of the judgment so as to avoid having Defendant garnish her wages and potentially pay additional legal fees. Plaintiff's Undisputed

8
OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Material Fact 25. At no point, did Plaintiff admit that she owed the full amount that Defendant attempted to collect on. At all relevant times, Plaintiff did not believe that Defendant rightfully incurred those attorney's fees because she agreed to set up a payment plan with Defendant prior to them filing a lawsuit but believed based on Defendant's representations that she had no option but to pay them. *Id.*

### C. Plaintiff's Agreement With Harpeth Financial services, LLC dba Advance Financial 24/7

Defendant states that it was hired by Harpeth Financial Services, LLC d/b/a Advance Financial 24/7 ("Advance Financial") to collect on a debt incurred by Plaintiff when she entered into a written agreement with Advance Financial (the "Agreement"). Defendant's Undisputed Material Fact #5. Defendant includes a copy of the Agreement in its Motion for Summary Judgment. Dkt. 39-2. Nowhere does the Agreement authorize Defendant to collect on the amount that it claimed Plaintiff owed nor does Defendant provide a breakdown that Plaintiff owed the amount of obligation of $4,067.83, that Defendant incurred attorney's fees that it could charge to Plaintiff, or that Defendant was entitled to collect exactly 33% of that amount in attorney's fees, $1,355.94. *Id.* Instead, the Agreement simply states that there is a 279.50% APR, a credit limit of $2672.00, and the only reference to attorney's fees in the Agreement states in relevant part, "If you are in default under this Agreement, we may, at our option and as permitted by law… recover from you all charges, costs and expenses, including all collection costs, court costs, and reasonable attorney's fees **as allowed by law**." *Id.* (emphasis added).

### IV. LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when it is demonstrated that there exist no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

U.S. 144, 157, 90 S.Ct. 1598, 26 L. Ed. 2d 142 (1970). A fact is "material" if it might affect the outcome of the suit under the governing law.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49, (1986); *Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn*., 322 F.3d 1039, 1046 (9th Cir. 2002).  A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "**[W]hether a letter is misleading raises a question of fact. Generally speaking, a jury should determine whether the letter is deceptive and misleading**." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015) (citations omitted) (internal quotations omitted) (emphasis added).

The party seeking summary judgment, bears the burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986); *Soremekun v. Thrifty Payless, Inc*., 509 F.3d 978, 984 (9th Cir. 2007). "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003)(citations omitted)(internal quotations omitted).  However, "[o]nce the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to 'go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 447 U.S. at 324 (1986) (citing Fed. R. Civ. P. 56(c), (e)).

## V.     LEGAL ARGUMENT

### A. Defendant Has Not Met Its Burden In Showing That The July 12, 2017 Was An Attempt To Collect On An Amount Authorized By The Agreement Or By Law

Defendant's July 12, 2017 letter attempts to collect from Plaintiff $4,067.83

and exactly 33% of that amount in attorney's fees, $1,355.94. Defendant claims that this amount arises from Plaintiff's failure to pay a loan amount in of $4,067.83. *See* Defendant's Renewed Motion for Summary Judgment. However, Defendant fails to provide evidence that Plaintiff in fact owed this amount.

The Agreement does not provide any evidence to show that Plaintiff owed the principal balance of $4,067.83. The Agreement simply references Plaintiff's interest rate and her available credit. There is no breakdown in the Agreement that indicates that Plaintiff took out a particular amount, had an unpaid balance, and interest accrued on that unpaid balance to be $4,067.83 at the time attempting to collect that amount from Plaintiff. The fact that Defendant was simply told by the Loan Provider that Plaintiff owed that amount does not establish that Defendant was authorized by an Agreement or by Law to collect on that Amount. *See e.g. Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08CV408, 2013 WL 5276541, at *2 (S.D. Ohio Sept. 18, 2013)(holding that the factual record did not allow the Court to determine whether "the third-party fees were either 1) expressly authorized by the agreement or 2) authorized by law.")

Second, Defendant would not be authorized to collect attorney's fees absent a provision that allows it to do so. The agreement was made in Tennessee by Tennessee residents and is subject to Tennessee Law. Tennessee law is clear on this point: attorneys' fees for failure to pay a loan provider, i.e. a breach of contract claim, *is not* permitted by law absent a specific and express provision otherwise. *See e.g. Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009) ("In the context of contract interpretation, Tennessee allows an exception to the American rule only when a contract *specifically* or *expressly* provides for the recovery of attorney fees… In the absence of an express agreement to pay attorney's fees for enforcement of a contract, such are not recoverable in Tennessee ) (citations omitted) (internal quotations omitted). However, Defendant is not "specifically" and "expressly" authorized by the agreement to collect attorney's fees in connection with its attempt to collect a debt from Plaintiff.

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Instead, the Agreement authorizes Defendant to collect attorneys' fees "as allowed by law," which, as just explained, is not allowed under Tennessee law for the kinds of claims that Defendant seeks.

Third, even if the Agreement authorized the Defendant to recover attorneys' fees in its breach of contract case against Plaintiff, which Plaintiff does not believe, there is nowhere in the Agreement that Defendant is authorized to collect exactly 33% of the amount owed as Defendant attempts to collect in this case. According to the Agreement itself, Plaintiff never agreed that Defendant could collect this amount. Nowhere in the Agreement is there a single mention of this 33% that Defendant attempted to collect. Nor does Defendant provide any evidence to support its position that it made any effort on Plaintiff's account at the time of sending the letter to Plaintiff justifying and award for that amount. *See e.g. Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 609 (11th Cir. 2014)("Nowhere on the form does [the Plaintiff] agree to a collection fee that is not tied to the actual costs of collection, let alone the 33–and–1/3% 'collection fee' he was ultimately assessed.")

In fact, Defendant admits that it makes up the amount of attorneys' fees when the amount is not stated in the Agreement. Defendant explains that if the original creditor and the borrower did not have an agreement as to the amount of attorneys' fees that the original creditor could seek to collect, then the Defendant would make up the number, which is usually one third of the amount of the obligation, unless the borrower resides in a jurisdiction where Defendant knows that the court will award a different amount. Plaintiff's Undisputed Material Fact 14. This amount is not based on the actual amount of fees incurred by Defendant as a result of its attempt to collect the alleged debt. Undisputed Material Fact 17. Instead, this amount is calculated by Cheadle Law when there is an attorney's fee provision in the lending document between the original creditor and the borrower which allows for the recovery of reasonable attorney's fees or reasonable collection costs and attorney's fees but does

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

not include a specific percentage of fees. Undisputed Material Fact 18.

Finally, the judgment that was obtained *after* Defendant sent the letter to Plaintiff does not authorize Defendant to collect on an amount prior to the judgment. However, the judgment cannot authorize Defendant's recovery of the amount that it attempted to collect from Plaintiff at the time that it sent the letter. Instead, Defendant seeks to include the judgment as an admission that Plaintiff in fact owed this amount at that prior time. However, that is not what the judgment shows. *See e.g. Quality Ready Mix, Inc. v. Mamone,* 35 Ohio St.3d 224, 520 N.E.2d 193, 197 (Ohio 1988) (holding that a prior judgment on real property in one action did not bar ligation on that same property because "the obligations sought to be enforced by the two actions are separate and distinct"). Plaintiff's agreement to pay the judgment, simply shows that Defendant convinced Plaintiff to do so. Plaintiff herself claims that she had done so out of fear that her wages would be garnished. If anything, Plaintiff's agreement to pay Defendant for the full amount evidences Defendant's success in misleading and deceiving Plaintiff into making payments on amounts that it was not authorized to collect.  For these reasons, Defendant has not met its burden that it was authorized by agreement or by law to collect on the amount that it attempted to collect, and Defendant's Motion should thus be denied.

## B. Defendant Has Not Met Its Burden In Showing That The July 12, 2017 Was Not False, Misleading and Deceptive

As explained above, Defendant was not authorized to collect on the amount that it claimed to collect in its July 12, 2017 Letter to Plaintiff. Further, there was no litigation pending at the time of sending the Letter. Defendant's letter was thus false, misleading, and deceptive in at least the following ways: 1) The letter falsely, misleadingly, and deceptively represented that Plaintiff was required to pay attorney's fees; 2) The letter falsely, misleadingly, and deceptively represented that Plaintiff was required to pay 33% of the amount she owed in attorney's fees; 3) The letter falsely, misleadingly, and deceptively represented that litigation was currently

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

pending; and 4) The letter falsely, misleadingly, and deceptively represented that Plaintiff would be required to pay further litigation expenses if she did not pay Defendant. Such actions are clearly in violation of 15 U.S.C. §§1692e and f.

As explained above, the FDCPA is to be broadly construed and the examples listed are not meant to be exhaustive. Instead, the question of whether a letter is false, misleading, or deceptive is a factual issue, usually reserved for a jury. Yet, it is clear from the Agreement and Defendant's Letter that its action were false, misleading, and deceptive. This is especially true, when viewed from the "least sophisticated consumer" standard.

First, to the extent that Defendant had no right under the Agreement to seek attorneys' fees, as explained above, sending letters to consumers that they owe this amount constitutes false representation of the character and amount of a debt, expressly prohibited by 15 U.S.C. § 1692e(2)(A) and a violation of the FDCPA. *See e.g. Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 713-14 (6th Cir. 2015) ("[I]f a debt collector seeks fees to which it is not entitled, it has committed a prima facie violation of the Act, even if there was no clear prior judicial statement that it was not entitled to collect the fees… If Ohio law clearly applied to this case, the analysis could end here; the fee-shifting provision would be unenforceable.")(citations omitted).

Further, even if Defendant simply had no right to collect on the *amount* of attorneys' fees, i.e. 33% of the alleged obligation, this would still constitute false, deceptive, and misleading collection practices, even if it were authorized to collect some amount of attorneys' fees.[3] This exact issue was taken up by the Eleventh

---

[3] The same would be true if Defendant attempted to collect under the obligation itself, absent attorneys' fees, in an amount that it was not authorized to collect on. Plaintiff requires and requests that the Honorable Court permit Plaintiff to engage in discovery on this and the other issues as explained below. Still, Defendant has provided no evidence at all to suggest that it met its burden at Summary Judgment that "obligation" amount was the correct amount, even absent the issue of attorneys' fees, as explained above.

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Circuit in *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir. 2014). In *Bradley*, the Defendant obtained a delinquent account and "added a 33-and 1/3% 'collection fee'" when attempting to collect on the debt. *Id.* at 609. The Court determined that while the Plaintiff was obligated to pay "costs of collection," the Defendant "failed to direct [the] Court to any evidence that the 33-and-1/3% 'collection fee'—which was assessed *before* [the Defendant] attempted to collect the balance due—bears any correlation to the *actual* cost of [Defendant]'s collection effort." *Id.* at 609-10. The Court agreed with the Eighth Circuit's holding "that the debt collector violated the FDCPA when it charged the debtor a collection fee based on a percentage of the principal balance of the debt due rather than the actual cost of collection. *Id.* at 609. (citing *Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir.2000) (per curiam)). The court explained, as here, "Nowhere on the form does [the Plaintiff] agree to a collection fee that is not tied to the actual costs of collection, let alone the 33–and–1/3% 'collection fee' he was ultimately assessed." *Id.* at 610. In reaching this holding the Court noted that whether or not the original creditor had an agreement with the debt collector who added these fees for this amount was irrelevant because the Plaintiff was not a party to that Agreement. *Id.* at 609-610.

Such actions are directly a violation of 15 U.S.C. §1692f, which expressly prohibits collecting an amount that is not expressly authorized by the agreement creating the debt or by law 15 U.S.C. §1692f(1). In fact, the Sixth Circuit itself cites to *Bradley* in *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 534 (6th Cir. 2014) when listing examples of what constitutes unfair and unconscionable debt collection practices generally prohibited by 15 U.S.C. 1692f.  Given that the Sixth Circuit has weighed in on this, issue directly, The Honorable Court should find that Defendant's conduct violated the FDCPAS as a matter of law,[4] and yet Defendant argues that it should prevail as a matter of law.  Furthermore, such actions are clearly

---

[4] Plaintiff plans to move for summary judgment after class certification, and, assuming the Court grants plaintiff's certification motion, after the class has been given notice and due process has been satisfied.

false, deceptive, and misleading in violation of 15 U.S.C. §1692e. As the Court explained in *Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*, No. 1:04-CV-733, 2005 WL 2180481, at *4 (W.D. Mich. Sept. 9, 2005), although the Plaintiff agreed to pay a "reasonable attorney fee," "[t]he inclusion of a liquidated sum as attorney fees with the principal debt owed altered the terms of the contract between [the original creditor] and [the Plaintiff] and violated the FDCPA" because "the alteration of the terms of the contract misrepresents the amount of the debt owed and the compensation which may be received for the collection of the debt in violation of § 1692e(2)(A)." *See also Owens v. EquityExperts.org, LLC,* No. 16-10840, 2017 WL 4699044, at *4 (E.D. Mich. Oct. 19, 2017)(holding that although there is evidence that the Plaintiff "is liable for the costs of collection, including court costs and reasonable attorneys' fees," "[t]his language is broad and creates a question of fact concerning which costs and fees [Plaintiff] was responsible for… There is a genuine issue of fact as to whether [the Defendant] charged [the Plaintiff] fees beyond the actual costs of collection.")

Finally, the Sixth Circuit decision in *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 (6th Cir. 2015) is instructive as to why Defendant's inclusion of "Cheadle Law," "Obligation," and "Attorney Fees" in its letter misleads a consumer into believing that there is a pending lawsuit and that the consumer is under a legal obligation to pay additional legal fees under the least sophisticated consumer standard. In *Buchanan*, the court found that use of the term "settlement" refers to concluding a lawsuit. *Id.* at 399. If such a single phrase can lead the least sophisticated consumer to believe that there is currently pending litigation, then even more so would Defendant's very clear legal language. As the court in *Buchanan* explained, "As the addition of the term 'misleading' confirms, the statute outlaws more than just falsehoods. That is why truth is not always a defense, and that is why even a true statement may be banned for creating a misleading impression. *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015)(citations omitted)(internal quotations omitted). As a result, to the extent that Defendant's

letters mislead a reasonable consumer into believing 1) that there is pending litigation when there is not and 2) that if the consumer does not resolve the account with Defendant immediately they would be responsible for additional attorneys' fees, such actions are in clear violation of the FDCPA and specifically sections 1692e and f.

For these reasons, Plaintiff requests that Defendant's Motion be denied in its entirety.

## C. Defendant Is A Debt Collector

As a last ditch effort to avoid liability under the FDCPA, Defendant argues that Plaintiff's allegations that Defendant represented that it owned the debt evidences that Defendant is not a "debt collector" subject to liability under the FDCPA. *See* Defendant's Motion for Summary Judgment at 5. However, this argument is completely without merit. Plaintiff alleges that Defendant made representations that it owned the debt through its manner of collection in representing that a lawsuit was currently pending. This has no bearing on the issue of whether or not Defendant *actually* owned the debt and is subject to the FDCPA. Defendant itself admits to collecting on a debt on behalf of a third party, i.e. Advance Financial, in sending mail correspondence to Plaintiff, which it clearly does as a regular part of its business and without a doubt subjects it to liability under the FDCPA. *See* Plaintiff's Undisputed Material Fact 6 and 15 U.S.C. §1692(a)6 ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, **or** who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.")(emphasis added). If anything, representing that it owned the debt when it did not, would further subject Defendant to misleading and deceptive debt collection practices under the FDCPA.

///

///

17

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

### D. Plaintiff Has Suffered Damages As A Result of Defendant's Letter

Plaintiff called Defendant immediately after receiving the letter for fear of a pending lawsuit. Plaintiff's Undisputed Material Fact 23. This is more than sufficient to show that there is a material dispute as to whether or not Plaintiff is entitled to actual damages as a result of the letter. Plaintiff claims that she suffered personal humiliation, embarrassment, mental anguish, and emotional distress from Defendant's letter. Defendant seeks to nitpick as to whether this was wholly caused as a result of letter or more due to circumstances that occurred after the letter. However, the fact that Defendant continued to cause Plaintiff personal humiliation, embarrassment, mental anguish, and emotional distress after the letter was sent to Plaintiff, does no undermine Plaintiff's claim that she suffered actual damages as a result of the letter that Defendant sent Plaintiff. Thus, it is clear that Plaintiff has suffered actual damages.

In addition, there is no question that Plaintiff is entitled to statutory damages, and Defendant's Renewed Motion for Summary Judgment can in no way be granted as a result. 15 U.S.C. §1692k(2)(A) and (B) allow for the recovery of $ statutory damages as a result of Defendant's violation of the FDCPA. Defendant's conduct here was in clear violation of the statute, and Defendant has no intention to discontinue engaging in its illegal behavior. As a result, Plaintiff is entitled to statutory damages. Therefore, Defendant's Motion must be denied.

### E. This Matter Is Suitable for Class Wide Adjudication

Defendant spends a portion of its Motion for Summary Judgment arguing that this matter is not suitable for Class Wide Adjudication. This clearly has nothing to do with the present Motion and is more suitably taken up on Plaintiff's Motion for Class Certification. Defendant sent out form letters to thousands of consumers, which was clear to Plaintiff from the letter that she received and confirmed by Defendant. Plaintiff is not required to know anything more than this prior to having

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

an opportunity to conduct discovery, such as who Defendant sent these letters to, how many of these letters were sent, as Defendant seems to suggest. In any event, Defendant's argument is irrelevant to the present motion.

## VI.   CONCLUSION

Defendant is in clear violation of the FDCPA by sending debt collection letters seeking fees that it is not authorized to collect.  For Defendant to argue that its illegal conduct is not harmful reflects that granting Defendant's Motion for Summary Judgment will allow it to continue engaging in illegal behavior, violating the rights of thousands of consumers.  For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion for Summary Judgment in its entirety.

Dated: August 13, 2018

BY:   /S/ TODD M. FRIEDMAN
Todd M. Friedman, Esq. (*admitted Pro Hac Vice*)
The Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
tfriedman@toddflaw.com
Attorney for Plaintiff

Susan S. Lafferty, Esq. BPR #025961
Lafferty Law Firm, P.C.
555 Marriot Drive, Suite 315
Nashville, TN 37214
(T) (615) 878-1926
(F) (615) 472-7852
(E) SusanL@laffertylawonline.com
Attorney for Plaintiff

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

## CERTIFICATE OF SERVICE

Filed electronically on this 13th day of August, 2018, with:

United States District Court CM/ECF system

Notification sent electronically on this 13th day of August, 2018, to:

Honorable Judge Crenshaw
United States District Court
Middle District of Tennessee


Phillip Byron Jones
Evans, Jones & Reynolds, P.C.
SunTrust Plaza, Suite 710
401 Commerce Street
Nashville, TN 37219
pjones@ejrlaw.com
Attorneys for Defendant, Cheadle Law


s/ Todd M. Friedman
Todd M. Friedman, Esq.

OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT