UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERRY BOOKER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:17-CV-01394 |
| | )   CHIEF JUDGE CRENSHAW |
| CHEADLE LAW, | ) |
| | ) |
|    Defendant. | ) |

## ORDER

This putative class action is brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Trial is set for May 7, 2019, and the dispositive motion deadline is not until December 20, 2018. Soon after this case was filed, Defendant filed a motion for summary judgment. The Court denied the motion without prejudice, stating that "Plaintiff should have been afforded an opportunity to obtain some discovery (including, e.g., information regarding Defendant's policies and practices concerning the language that incorporates in letters that it sends to consumers, in collecting on amounts that Defendant claims are authorized by relevant underlying agreements, in calculating attorney's fees charged to debtors, information about potential class members, etc.)." (Doc. No. 34 at 3.)

Only *seven weeks later*, Defendant filed another motion for summary judgment. (Doc. No. 36.) Before the response was due, Plaintiff filed a Motion to Compel (Doc. No. 45) that is accompanied by a twenty-page brief and related declarations, in which Plaintiff asserts that:

> Defendant refused to produce nearly any information or documents related to the class. Instead, Defendant puts the cart before the horse by arguing that Plaintiff is not entitled to discovery because Defendant will win on the merits and this matter is not suitable for class wide adjudication, despite no bifurcation of discovery ordered by the Court. In fact, instead of providing the requested documents, Defendant chose to refile its motion for summary judgment, contrary to the Honorable Court's Order stating that Plaintiff was entitled to this information prior to responding to dispositive Motion Practice. . . . The Defendant instead seems to be imposing their own view that discovery should be bifurcated in this matter without the approval of the Honorable Court. Such unilateral decisions are contrary to the express provisions of the Federal Rules of Civil Procedure, and Defendant's guise of stating that such discoverable information is not relevant is without merit and made in bad faith.

(Doc. No. 45 at 7-8 (internal citations omitted). However, Plaintiff's Motion to Compel also contends that Defendant's purported lack of participation of in discovery goes beyond discovery of broader issues related to the putative class. As a very obvious example, the core of this case is Plaintiff's allegation that Defendant had a practice of sending letters to borrowers seeking to collect an amount of 33% of debt obligations as attorney's fees without being authorized to do so by an underlying agreement, in violation of the FDCPA. As discussed above, in denying Defendant's first motion for summary judgment, the Court therefore listed "information regarding . . . collecting on amounts that Defendant claims are authorized by relevant underlying agreements, in calculating attorney's fees charged to debtors" as relevant discovery. However, Plaintiff details in the Motion to Compel that Defendant objected to producing the "agreement between [Defendant] and the original creditor of the debt as it relates to the amount of attorneys' fees and costs that *[Defendant] sought to collect from Plaintiff*" as "not calculated to lead to the production of discoverable documents." (Doc. No. 45 at 9.) In other words, Defendant apparently objected to discovery of the one underlying agreement directly related to Plaintiff's *individual* claim.

2

While Plaintiff timely filed a response to Defendant's second Motion for Summary Judgment, she was forced to do so a week after filing the Motion to Compel and without the benefit of the discovery requested therein. In response to the Motion to Compel, Defendant asserts that Plaintiff has received a "large degree of discovery, including the non-objectionable discovery responses." (Doc. No. 50 at 4.) Defendant further contends that, "if the Defendant were to succeed on its pending Motion for Summary Judgment (which goes to the heart of Plaintiff's claim), then none of the additional discovery that is the subject of Plaintiff's Motion to Compel would be relevant (under any scenario)." (Id.) But Defendant seems to continue to misunderstand the standards for discovery, particularly so early in a case, that a party is entitled to, as the Court set forth in its initial summary judgment order. It is not the case that one party is the arbiter of what the other party may receive. It is not the case that one party may keep providing small amounts of discovery and filing motions for summary judgment, hoping to score an early and somewhat arbitrary win.

That being said, the Court will not decide the specifics of the Motion to Compel herein, as that is the province of the Magistrate Judge. It may be the case that, at some point, the Magistrate Judge will find that Defendant's discovery objections are sufficient and Plaintiff is not entitled to the material it seeks. However, the Court will also not consider granting a second motion for summary judgment only seven weeks after denying an initial motion for lack of discovery where there is a lengthy motion to compel pending. Accordingly, Defendant's Second Motion for Summary Judgement (Doc. No. 36) is **DENIED WITHOUT PREJUDICE** and with leave to refile after an appropriate time has elapsed for the completion of a reasonable period of discovery to be determined by the Magistrate Judge and the resolution of any outstanding discovery issues before the Magistrate Judge.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE