# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **SHERRY BOOKER**, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>  v.<br><br>**CHEADLE LAW**,<br><br>      Defendant. | CASE NO.: 3:17-CV-01394<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>District Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br><br>**JURY DEMAND** |

## I. INTRODUCTION

Defendant's Motion for Summary Judgment filed on December 14, 2018 (Docket Entry 59) is its third attempt to dispense of this matter without trial by jury. This Court properly denied Defendant's prior such motions as premature. Plaintiff asks this Court to deny the pending motion on its merits. As discussed below, there are disputed issues of material fact which preclude summary judgment.

This Court recognized in its Order of August 29, 2018 that "…the core of this case is Plaintiff's allegation that Defendant had a practice of sending letters to borrowers seeking to collect an amount of one third of debt obligations as attorney's fees without being authorized to do so by an underlying agreement, in violation of the FDCPA." (Docket Entry 52) As in its prior motions, Defendant focuses on matters that are not at issue instead of addressing the letter it sent to Plaintiff, the amount of attorney's fees stated in that letter, and the fact that such amount is not authorized by the underlying agreement. That Plaintiff owed the underlying debt (as opposed to the arbitrary amount of attorney's fees claimed by Defendant), agreed to an entry of judgment, and agreed to a payment plan are simply not material to the issue of whether the letter Defendant sent to Plaintiff violated the FDCPA. Likewise, Plaintiff's education, job history, loan history and/or actual understanding of the letter is immaterial to whether Defendant violated the FDCPA as the appropriate standard under the FDCPA is the understanding of the least sophisticated consumer. In addition, the practice of the Davidson County General Sessions Court of awarding as attorney's fees one third of the obligation does not obviate Defendant's duty to comply with the FDCPA in its communications with debtors. Regarding Plaintiff's actual damages Defendant errs in its assertion that her testimony alone is insufficient evidence for the jury.

Defendant's attempt to reframe the issue does not negate the disputed material facts regarding the core issue of whether the letter sent to Plaintiff by Defendant constitutes an FDCPA violation and, if so, whether Plaintiff has actual damages in addition to statutory damages and whether Defendant engaged in similar violations toward other members of the putative class. Accordingly, this Court should deny Defendant's Motion for Summary Judgment and allow this case to move forward to a class certification hearing and trial.

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## II. STATEMENT OF MATERIAL FACTS

It is undisputed that Defendant mailed Plaintiff a collection letter dated June 12, 2017. It is likewise undisputed that in this letter Defendant stated its attorney's fees equaled one third of the amount of obligation.

Plaintiff's individual claim rests on her assertions that 1. Defendant's fee amount violates the FDCPA because such amount is not authorized by Plaintiff's underlying agreement with the lender and that 2. Inclusion of Defendant's fee amount in its collection letter to Plaintiff is misleading to the least sophisticated consumer regarding whether a collection lawsuit has already been filed. Plaintiff's claim as representative of the putative class rests on her assertion that Defendant has a practice of sending such letters to borrowers seeking to collect an amount of one third of their debt obligations as attorney's fees without being authorized to do so by an underlying agreement, in violation of the FDCPA. There are material facts in dispute regarding each of these assertions. See, Plaintiff's Response to Defendant's Purported Statement of Undisputed Facts including Plaintiff's Statement of Additional Disputed Material Facts therein.[1] There are also material facts in dispute regarding whether Plaintiff has actual damages in addition to statutory damages.

## III. LEGAL ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate only when it is demonstrated that there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L. Ed. 2d 142 (1970). A fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, (1986); *Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn.*, 322 F.3d 1039, 1046 (9th Cir. 2002). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-

---

[1] Defendant did not include a Statement of Undisputed Facts with the instant motion and instead attempts to rely on the statements filed with its prior motions and selectively rely on Plaintiff's responses to same. Defendant offers no authority for this approach.

moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

As the party seeking summary judgment, Defendant bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003)(citations omitted)(internal quotations omitted).

### B. Defendant's July 12, 2017 Letter to Plaintiff Was an Attempt To Collect Unauthorized Attorney's Fees

Defendant's July 12, 2017 letter attempts to collect from Plaintiff the amount of her obligation to the lender and exactly one third of that amount in attorney's fees. (Declaration of Sherry Booker ("Booker Decl."), Docket Entry 46) However, there is no provision in Plaintiff's agreement with the lender which authorizes Defendant to collect attorney's fees. Accordingly, Defendant's letter falsely represented the amount and character of Plaintiff's debt in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

The agreement was made in Tennessee by Tennessee residents and is subject to Tennessee Law. It is well settled that attorney's fees for failure to pay a loan provider is not permitted absent a specific and express provision otherwise. *See e.g. Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009) ("In the context of contract interpretation, Tennessee allows an exception to the American rule only when a contract *specifically* or *expressly* provides for the recovery of attorney fees… In the absence of an express agreement to pay attorney's fees for enforcement of a contract, such are not recoverable in Tennessee) (citations omitted) (internal quotations omitted). Here Defendant is not "specifically" and "expressly" authorized by Plaintiff's agreement with the lender to collect attorney's fees in connection with its attempt to collect a debt from Plaintiff on the lender's behalf. Instead, the Agreement authorizes Defendant only to collect attorneys' fees "as allowed by law." (Booker Decl., Docket

Entry 46) Because there is not an express provision in the Agreement and Tennessee law does not allow for collection fees absent such a provision, the Agreement's reference to "as allowed by law" does not authorize Defendant to collect attorney's fees from Plaintiff. Instead, under the American rule, Defendant should receive its attorney's fees from the lender.

Alternately, even if the Agreement authorized the Defendant to recover attorneys' fees in its breach of contract case against Plaintiff, the Agreement clearly does not authorize Defendant to collect as attorney's fees of one third of the obligation. Nowhere in the Agreement is there a single mention of this one third of the obligation that Defendant attempted to collect as attorney's fees. (Booker Decl., Docket Entry 46) Nor does Defendant provide any evidence to support its position that it spent sufficient time Plaintiff's account at the time of sending the letter to Plaintiff justifying collection of this amount as attorney's fees. *See e.g. Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 609 (11th Cir. 2014)("Nowhere on the form does [the Plaintiff] agree to a collection fee that is not tied to the actual costs of collection, let alone the one third 'collection fee' he was ultimately assessed.")

In fact, Defendant admits that it invents the amount of attorneys' fees when the amount is not stated in the Agreement. (Deposition of John Cheadle ("Cheadle Dep.") 36:25-37:8, July 12, 2018) Defendant explains that if the original creditor and the borrower did not have an agreement as to the amount of attorneys' fees that the original creditor could seek to collect, then the Defendant would make up the number, which is usually one third of the amount of the obligation, unless the borrower resides in a jurisdiction where Defendant knows that the court will award a different amount. (Cheadle Dep. 36:25-37:8) This amount is not based on the actual amount of fees incurred by Defendant as a result of its attempt to collect the alleged debt. (Cheadle Dep. 36:13-37:8) Instead, this amount is calculated by Cheadle Law when there is an attorney's fee provision in the lending document between the original creditor and the borrower which allows for the recovery of reasonable attorney's fees or reasonable collection costs and attorney's fees but does not include a specific percentage of fees. (Cheadle Dep. 36:13-37:8) As discussed above, in this instance, the Agreement does not provide for attorney's fees at all.

Finally, the General Sessions judgment that was obtained *after* Defendant sent the letter

to Plaintiff does not justify Defendant's letter attempting to collect attorney's fees of one third of the obligation prior to that judgement. In addition, the practice of the Davidson County General Sessions Court of awarding as attorney's fees one third of the obligation does not obviate Defendant's duty to comply with the FDCPA in its communications with debtors. *See e.g. Quality Ready Mix, Inc. v. Mamone,* 35 Ohio St.3d 224, 520 N.E.2d 193, 197 (Ohio 1988) (holding that a prior judgment on real property in one action did not bar ligation on that same property because "the obligations sought to be enforced by the two actions are separate and distinct"). Similarly, Plaintiff's agreement to pay the judgment entered by the General Sessions Court cannot remove the FDCPA violation by retroactively authorizing Defendant's statement of attorney's fees in its collection letter to Plaintiff.

There are disputed issues of material fact regarding whether Defendant was authorized to send the July 12, 2017 letter to Plaintiff seeking attorney's fees of one third the amount of the obligation.

### C. Defendant's July 12, 2017 Letter to Plaintiff Was False, Misleading, and Deceptive

There was no litigation pending at the time Defendant sent the July 12, 2017 collection letter to Plaintiff. Yet, Defendant's letter attempted to collect attorney's fees in one third the amount of the obligation, implying the matter was in litigation. (Booker Decl., Docket Entry 46) Defendant's letter was thus false, misleading, and deceptive to the least sophisticated consumer in at least the following ways: 1) It represented that Plaintiff was required to pay attorney's fees; 2) It represented that Plaintiff was required to pay one third of the amount she owed in attorney's fees; and 3) It implied that litigation was currently pending. (Booker Decl., Docket Entry 46) Such actions are clearly in violation of 15 U.S.C. §§1692e and f.

Defendant has offered no purported undisputed facts material to whether this letter was false, misleading, and/or deceptive. Moreover, "…whether a letter is misleading raises a question of fact. Generally speaking, a jury should determine whether the letter is deceptive and misleading." Buchanan v. Northland Grp., Inc., 776 F.3d 393, 397 (6th Cir. 2015) (citations omitted) (internal quotations omitted) (emphasis added). Accordingly, this issue is for the jury to decide.

First, to the extent that Defendant had no right under the Agreement to seek attorneys' fees, as explained above, sending letters to consumers that they owe this amount constitutes false representation of the character and amount of a debt, expressly prohibited by 15 U.S.C. § 1692e(2)(A) and a violation of the FDCPA. *See e.g. Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 713-14 (6th Cir. 2015) ("[I]f a debt collector seeks fees to which it is not entitled, it has committed a prima facie violation of the Act, even if there was no clear prior judicial statement that it was not entitled to collect the fees… If Ohio law clearly applied to this case, the analysis could end here; the fee-shifting provision would be unenforceable.")(citations omitted).

Further, even if Defendant simply had no right to collect on the *amount* of attorneys' fees, i.e. one third of the alleged obligation, this would still constitute false, deceptive, and misleading collection practices, even if it were authorized to collect some amount of attorneys' fees. This exact issue was taken up by the Eleventh Circuit in *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir. 2014). In *Bradley*, the Defendant obtained a delinquent account and "added a one third 'collection fee'" when attempting to collect on the debt. *Id*. at 609. The Court determined that while the Plaintiff was obligated to pay "costs of collection," the Defendant "failed to direct [the] Court to any evidence that the one third 'collection fee'—which was assessed *before* [the Defendant] attempted to collect the balance due—bears any correlation to the *actual* cost of [Defendant]'s collection effort." *Id*. at 609-10. The Court agreed with the Eighth Circuit's holding "that the debt collector violated the FDCPA when it charged the debtor a collection fee based on a percentage of the principal balance of the debt due rather than the actual cost of collection. *Id*. at 609. (citing *Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir.2000) (per curiam)). The court explained, as here, "Nowhere on the form does [the Plaintiff] agree to a collection fee that is not tied to the actual costs of collection, let alone the one third 'collection fee' he was ultimately assessed." *Id*. at 610. In reaching this holding the Court noted that whether or not the original creditor had an agreement with the debt collector who added these fees for this amount was irrelevant because the Plaintiff was not a party to that Agreement. *Id*. at 609-610.

Such actions directly violate 15 U.S.C. §1692f, which expressly prohibits collecting an amount that is not expressly authorized by the agreement creating the debt or by law 15 U.S.C. §1692f(1). In fact, the Sixth Circuit itself cites to *Bradley* in *Currier v. First Resolution Inv. Corp.*,

762 F.3d 529, 534 (6th Cir. 2014) when listing examples of what constitutes unfair and unconscionable debt collection practices generally prohibited by 15 U.S.C. 1692f. Given that the Sixth Circuit has weighed in on this, issue directly, this Honorable Court should find that Defendant's conduct violated the FDCPA as a matter of law, and yet Defendant argues that it should prevail as a matter of law. Furthermore, such actions are clearly false, deceptive, and misleading in violation of 15 U.S.C. §1692e. As the Court explained in *Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*, No. 1:04-CV-733, 2005 WL 2180481, at *4 (W.D. Mich. Sept. 9, 2005), although the Plaintiff agreed to pay a "reasonable attorney fee," "[t]he inclusion of a liquidated sum as attorney fees with the principal debt owed altered the terms of the contract between [the original creditor] and [the Plaintiff] and violated the FDCPA" because "the alteration of the terms of the contract misrepresents the amount of the debt owed and the compensation which may be received for the collection of the debt in violation of § 1692e(2)(A)." *See also Owens v. EquityExperts.org, LLC,* No. 16-10840, 2017 WL 4699044, at *4 (E.D. Mich. Oct. 19, 2017)(holding that although there is evidence that the Plaintiff "is liable for the costs of collection, including court costs and reasonable attorneys' fees," "[t]his language is broad and creates a question of fact concerning which costs and fees [Plaintiff] was responsible for… There is a genuine issue of fact as to whether [the Defendant] charged [the Plaintiff] fees beyond the actual costs of collection.")

Finally, the Sixth Circuit decision in *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 (6th Cir. 2015) is instructive as to why Defendant's inclusion of "Cheadle Law," "Obligation," and "Attorney Fees" in its letter misleads a consumer into believing that there is a pending lawsuit and that the consumer is under a legal obligation to pay additional legal fees under the least sophisticated consumer standard. In *Buchanan*, the court found that use of the term "settlement" refers to concluding a lawsuit. *Id*. at 399. If such a single phrase can lead the least sophisticated consumer to believe that there is currently pending litigation, then even more so would Defendant's very clear legal language. As the court in *Buchanan* explained, "As the addition of the term 'misleading' confirms, the statute outlaws more than just falsehoods. That is why truth is not always a defense, and that is why even a true statement may be banned for creating a misleading impression. *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015)(citations

omitted)(internal quotations omitted). As a result, to the extent that Defendant's letters mislead a reasonable consumer into believing 1) that there is pending litigation when there is not and 2) that if the consumer does not resolve the account with Defendant immediately they would be responsible for additional attorneys' fees, such actions are in clear violation of the FDCPA and specifically sections 1692e and f.

For these reasons, Plaintiff requests that Defendant's Motion be denied in its entirety.

### D. Defendant Is A Debt Collector

Defendant argues that if accepted as true, Plaintiff's allegation Defendant represented it owned Plaintiff's debt means Defendant is not a debt collector. This argument is without merit. Defendant admits on page 4 of its Memorandum in support of its Motion that the Lender hired Defendant to collect Plaintiff's balance. In addition, Defendant's July 12, 2017 letter to Plaintiff states in relevant part, "This communication is from a debt collector." (Booker Decl., Docket Entry 46) Thus, Defendant is a debt collector and as such is covered by the FDCPA.

### E. Plaintiff Has Suffered Damages As A Result of Defendant's Letter

Plaintiff called Defendant immediately after receiving the letter for fear of a pending lawsuit. Plaintiff's Undisputed Material Fact 23. This is more than sufficient to show that there is a material dispute as to whether or not Plaintiff is entitled to actual damages as a result of the letter. Plaintiff claims that she suffered personal humiliation, embarrassment, mental anguish, and emotional distress from Defendant's letter. Defendant seeks to nitpick as to whether this was wholly caused as a result of the letter or more due to circumstances that occurred after the letter. However, the fact that Defendant continued to cause Plaintiff personal humiliation, embarrassment, mental anguish, and emotional distress after the letter was sent to Plaintiff, does not undermine Plaintiff's claim that she suffered actual damages as a result of the letter that Defendant sent Plaintiff. Thus, it is clear that Plaintiff has suffered actual damages.

In addition, there is no question that Plaintiff is entitled to statutory damages, and Defendant's Renewed Motion for Summary Judgment can in no way be granted as a result. 15 U.S.C. §1692k(2)(A) and (B) allow for the recovery of statutory damages as a result of Defendant's violation of the FDCPA. Defendant's conduct here was in clear violation of the statute, and

Defendant has no intention of discontinuing its illegal behavior. As a result, Plaintiff is entitled to statutory damages. Therefore, Defendant's Motion must be denied.

### F. This Matter Is Suitable for Class Wide Adjudication

Defendant spends a portion of its Motion for Summary Judgment arguing that this matter is not suitable for Class Wide Adjudication. This clearly has nothing to do with the present Motion and is more suitably taken up on Plaintiff's Motion for Class Certification. Defendant sent out form letters to thousands of consumers, which was clear to Plaintiff from the letter that she received and confirmed by Defendant. Plaintiff is not required to know anything more than this prior to having an opportunity to conduct discovery, such as to whom Defendant sent these letters, how many of these letters were sent, as Defendant seems to suggest. In any event, Defendant's argument is irrelevant to the present motion.

### IV.  CONCLUSION

Defendant is in clear violation of the FDCPA by sending debt collection letters seeking fees that it is not authorized to collect. For Defendant to argue that its illegal conduct is not harmful reflects that granting Defendant's Motion for Summary Judgment will allow it to continue engaging in illegal behavior, violating the rights of thousands of consumers. For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion for Summary Judgment in its entirety.

Dated: January 11, 2019       BY:   /s/Susan S. Lafferty, Esq.
                                    Susan S. Lafferty, Esq. BPR #025961
                                    Lafferty Law Firm, P.C.
                                    1321 Murfreesboro Pk., Suite 521
                                    Nashville, TN 37217
                                    (T) (615) 878-1926
                                    (F) (615) 472-7852
                                    (E) SusanL@laffertylawonline.com

                                    Todd M. Friedman, Esq. (*admitted Pro Hac Vice*)
                                    The Law Offices of Todd M. Friedman, P.C.
                                    21550 Oxnard St., Suite 780
                                    Woodland Hills, CA 91367
                                    Phone: 877-206-4741
                                    tfriedman@toddflaw.com
                                    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 11th day of January 2019, a copy of the foregoing *was* filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail, first-class postage prepaid. Parties may access this filing through the Court's electronic filing system:

    Phillip Byron Jones
    Evans, Jones & Reynolds, P.C.
    SunTrust Plaza, Suite 710
    401 Commerce Street
    Nashville, TN 37219
    pjones@ejrlaw.com
    Attorneys for Defendant, Cheadle Law

                                           /s/Susan S. Lafferty, Esq.
                                           Susan S. Lafferty, Esq.