IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHERRY BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:17-cv-1394 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| CHEADLE LAW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Renewed Motion for Summary Judgment (Doc. No. 59). Plaintiff has filed a Memorandum in Opposition (Doc. No. 62), and Defendant has filed a Reply (Doc. No. 64).

Plaintiff Booker filed this purported class action[1] against Defendant Cheadle Law for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e) and (f). Plaintiff contends that Defendant violated the FDCPA while attempting to collect a debt Plaintiff owed to Harpeth Financial Services, LLC d/b/a Advance Financial 24/7 ("Lender").

## FACTS[2]

Plaintiff entered into a written agreement titled "Advance Financial Flex Loan Plan Disclosure and Account Agreement" (Doc. No. 19-1) ("Agreement") with Lender on June 29, 2015 (Doc. No. 63 at ¶ 1). The Agreement provides, among other things, that if Plaintiff defaults under the Agreement, Lender may recover from Plaintiff "all charges, costs and expenses,

---

[1] No class has been certified in this action.

[2] Each of the facts in this section is taken by the Court to be undisputed based on Plaintiff's response (Doc. No. 63) to Defendant's Statements of Uncontested Facts under Local Rule 56.01 (Doc. Nos. 18 and 38).

including all collection costs, court costs, and reasonable attorney's fees as allowed by law." (Doc. No. 19-2 at 2). Plaintiff admits she failed to comply with the payment terms of her Agreement with Lender and that her failure to make payments was a default on the loan (Doc. No. 63 at ¶¶ 19-20).

It is undisputed that Lender retained Defendant to collect the balance owed it by Plaintiff under the Agreement (*Id.* at ¶ 3). On June 12, 2017, Defendant send a demand letter (the "Letter") to Plaintiff, providing as follows:

> Ms. Sherry Booker
> 583 Thomas Jefferson Circle
> Madison, TN 37115
>
> Re: Harpeth Financial Services, LLC dba Advance Financial
> Amount of Obligation: $4,067.83
> Attorney Fees: $1,355.94
> Total: $5,423.77
> Client File Number: 10-5068262
> Our File Number: 17004396
>
> Dear Ms. Booker:
>
> The above obligation has been directed to my office for handling.
>
> Please make payment to the above address.
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by me. If you notify me in writing within the thirty-day period that the debt, or any portion thereof, is disputed, I will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by me. Upon your written request within the thirty-day period, I will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Thanking you for your cooperation in this matter, I am
>
> Sincerely yours,
>
> John R. Cheadle, Jr.

(*Id.* at ¶ 4). On July 6, 2017, Defendant filed suit, on behalf of Lender, against Plaintiff in the Davidson County General Sessions Court, seeking to recover Plaintiff's unpaid loan amount, plus attorney's fees. (Doc. No. 63 at ¶ 5). Plaintiff appeared in General Sessions Court on August 2, 2017, where Plaintiff and Defendant (on behalf of Lender) entered into an Agreed Judgment (Doc. No. 19-3) for $5,423.77 against Plaintiff. (*Id.* at ¶ 7).[3] In addition, an agreement was reached between Plaintiff and Defendant (on behalf of Lender) whereby Plaintiff would pay the judgment in monthly installments of $100 on the 23rd of each month, beginning August 23, 2017, with said payments to increase six months thereafter (Doc. No. 63 at ¶ 8).

## **PROCEDURAL BACKGROUND**

On October 20, 2017, Plaintiff filed this action. She alleges that the Letter from Defendant included misrepresentations that violated her rights under the FDCPA and misled her. In the Complaint, Plaintiff claims that the Letter misrepresents that Defendant had obtained ownership[4] of Plaintiff's loan and misrepresented that, because of a pending lawsuit, she was under an obligation to pay attorney's fees. Plaintiff states in her Response (Doc. No. 62 at 3), however, that her claim rests on her assertion that (1) Defendant's fee amount violates the FDCPA because such amount is not authorized by Plaintiff's underlying agreement with the lender and (2) inclusion of Defendant's fee amount in the collection letter to Plaintiff is misleading to the least sophisticated consumer regarding whether a collection lawsuit has already been filed.

---

[3] Plaintiff takes issue with the specific figure of $5,423.77, claiming the agreed amount actually was different. (Doc. No. 63 at ¶ 7). Defendant has shown otherwise, however. (Doc. No. 64 at 9-10).

[4] Because there is no argument from Plaintiff concerning ownership of the loan, the Court deems that she has waived that part of her claim.

3

Plaintiff has asserted that Defendant's motion should be denied for failure to file a Statement of Undisputed Facts as required by Local Rule 56.01. Defendant filed a Statement of Uncontested Facts (Doc. Nos. 18 and 38) in connection with each of its previously filed Motions for Summary Judgment (Doc. Nos. 15 and 36), which were denied by Chief Judge Crenshaw without prejudice as premature. Defendant expressly relies upon those statements and Plaintiff's responses thereto in his Renewed Motion for Summary Judgment (Doc. No. 59). The Court funds that Defendant's reliance upon the prior Statements of Uncontested Facts, instead of a newly filed version of such statement, is reasonable and is not a basis for denial of Defendant's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson*, 477 U.S. at 248. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

4

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 628. A party asserting that a fact cannot be or genuinely is disputed—i.e., a party seeking summary judgment and a party opposing summary judgment, respectively—must support the assertion by citing to materials in the record, including, but not limited to, depositions, documents, affidavits or declarations. Fed. R. Civ. P. 56(c)(1)(A).

The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628. Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## FDCPA

The FDCPA provides that a debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.[5] Section

---

[5] The Court is aware that part of 15 U.S.C. § 1692e and § 1692f was repealed by implication by *Townsend v. Quantum3 Group*, 535 B.R. 415 (M.D. Fla. 2015), but that bankruptcy ruling does not change the Court's evaluation of these statutes for purposes of this motion.

5

1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt and provides examples of certain conduct that violates the section. Of particular relevance to this action, subsection (1) prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is "expressly authorized" by the agreement creating the debt or permitted by law. 15 U.S.C. § 1292(f)(1).

To assess whether a debt collector's actions are deceptive or unfair, courts apply an objective test based on the understanding of the least sophisticated consumer. *Clark v. Main St. Acquisition Corp.*, 553 F. App'x 510, 513 (6th Cir. 2014). There is a split of authority as to whether this determination (of whether an action is deceptive or unfair) is a question of law or a question of fact. In *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353, n.1 (3d Cir. 2000), the court noted that, at that time, the Seventh Circuit was the only court of appeals to have held that whether an action is deceptive or unfair (specifically, whether an unsophisticated consumer would be confused by allegedly contradictory or confusing language) is a question of fact. "The majority of courts to have considered this question have, however, held that this determination involves a question of law." *Id.* "We agree with the majority that whether language in a collection letter contradicts or overshadows the validation notice is a question of law." *Id.*; *see also Levine v. Creditors' Protection Serv., Inc.*, Case No.: 17C 2537, 2019 WL 1077126, at * 6 (N.D. Ill. Mar. 7, 2019).

After *Wilson*, the Sixth Circuit stated "whether a letter is misleading raises a question of fact. Generally speaking, a jury should determine whether the letter is deceptive and misleading." *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 397 (6th Cir. 2015). In *Buchanan*, however, the court recognized that claims do not necessarily go to a jury merely because they implicate a question of fact. *Id.* "A claim may be implausible on its face because even an unsophisticated

6

consumer would not be confused, making . . . jury resolution unnecessary." *Id*. The Court notes the *Buchanan* court's use of the word "generally" and also the posture of that case. *See Smith v. Convergent Outsourcing, Inc.*, Case No. 15-12756, 2016 WL 6524148, at * 3 (E.D. Mich. Nov. 1, 2016). In *Buchanan*, the court was reviewing a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), not a summary judgment motion. The *Buchanan* court specifically stated that an FDCPA claim may warrant discovery but be appropriate for summary judgment after that. *Id.*; *see also Schafer v. Allied Interstate LLC* Case No. 1:17-cv-233, 2019 WL 2710272, at * 7 (W.D. Mich. June 28, 2019) ("This Court does not discern that the plaintiff in *Buchanan* would have been prohibited, at the summary judgment stage, from requesting that the matter be decided as a matter of law."). As the *Smith* court stated: "*Buchanan* does not stand for the proposition that any time a plaintiff alleges that a [debt collection] letter is misleading, the case automatically survives summary judgment." *Smith,* 2016 WK 6524148, at * 3.

## ANALYSIS

Plaintiff claims that Defendant's claim for attorney's fees (as listed in the Letter) violates the FDCPA because it is not authorized by the Agreement. Plaintiff alleges the Letter misled her to believe that "due to a pending lawsuit," she was under an obligation to pay legal fees (Doc. No. 1 at ¶ 7). By filing the Letter (and obtaining Plaintiff's admission as to its precise contents), Defendant has shown that the only place in the Letter that references attorney's fees is in the subject references at the beginning, where the amounts owed are listed (Doc. No. 17-2). In addition, Defendant has demonstrated that there is no mention, or even implication, in the Letter of a pending lawsuit. *Id*. Defendant has also shown that the recovery of attorney's fees is specifically provided for in the Agreement, as quoted above (Doc. No. 19-2).

7

In response, Plaintiff contends that the Agreement authorizes Defendant to collect attorney's fees only "as allowed by law." The implication of Plaintiff's argument is that Defendant would be allowed to collect attorney's fees "only if *otherwise* allowed by law." But the Agreement does not say "otherwise," and this provision i*tself* makes collection of attorney's fees allowable by law. Otherwise, this provision would be mere surplusage, essentially (and unhelpfully) stating tautologically that attorney's fees are allowable if they are allowable irrespective of this provision.

Plaintiff points out that Tennessee adheres to the "American Rule," under which a party in a civil action may recover attorney's fees only if a contractual or statutory provision creates such a right or some other recognized exception to the American Rule applies. Citing *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009), Plaintiff argues that Tennessee allows an exception to the American Rule only when a contract *specifically or expressly* provides for the recovery of attorney's fees. She claims that the Agreement does not provide a specific or express authorization to collect attorney's fees and, therefore, the Agreement does not authorize Defendant to collect attorney's fees from Plaintiff. The Court disagrees.

The *Cracker Barrel* case dealt with a contract provision that provided for the collection of "all costs and expenses of any suit or proceeding" and did not specifically or expressly include attorney's fees. *Id*. The provision in Plaintiff's Agreement specifically provides for the recovery of "reasonable attorney's fees." That provision is both specific and express. Plaintiff has produced no evidence that she did not agree to pay attorney's fees in case of default, as set forth in the Agreement.[6] One of the most common exceptions to the American Rule involves contracts that

---

[6] Some courts have found that even when an agreement provides simply that a debtor is responsible for "all costs" incurred in connection with the collection of the debt, the agreement is "expansive" and permits recovery of all collection costs without restriction or limitation. *Anselmi v. Shendell & Assocs.*, Case No. 12-61559-CIV, 2015 WL 11121357, at * 4 (S.D. Fla. Jan. 7, 2015) (citing *Gathuru v. Credit Control Servs., Inc.*, 623 F. Supp. 2d 113, 118 (D. Mass. 2009)). In *Gathuru*,

8

contain provisions expressly permitting or requiring the prevailing party to recover its reasonable attorney's fees. *Eberbach v. Eberbach*, 535 S.W. 3d 467, 474 (Tenn. 2017). Such is the governing contract here, and therefore, the attorney's fees in this case are allowed by Tennessee law.

Plaintiff's cite to *Buchanan* on this issue is not persuasive. *Buchanan* did not deal with attorney's fees at all. In that case, the defendant sent a "settlement offer" letter, offering to settle the debt for a discounted amount, without disclosing that the statute of limitations had run on collecting the debt (which would have provided a complete defense to any lawsuit to recover the money). Moreover, the defendant failed to notify the debtor that a partial payment on a time-barred debt restarts the statute-of-limitations clock under state law. *Buchanan,* 776 F.3d at 396. The court found that, because of the defendant's failure to notify the plaintiff of these substantive matters, the plaintiff's theory of consumer deception was plausible and, therefore, it reversed the district court's dismissal of the claim. *Id*. at 400. Here, Defendant neither failed to disclose the claim for attorney's fees nor failed to give notice of any complete defense or other substantive right.

In *Clark*, the court found that the simple request for "costs" in an unstated amount, where such costs are permitted by state law to the prevailing party, is not a false representation and does not violate 15 U.S.C. § 1692e. *Clark*, 553 F. App'x at 514. As indicated above, Tennessee allows the recovery of attorney's fees when a contract specifically or expressly provides for the recovery of attorney's fees. Thus, if the court in *Clark* held that a demand for "costs" *in an unstated amount* did not violate the FDCPA, even more so does this Court believe that a reference to attorney's fees in a specific amount (supported by the language of the Agreement, "reasonable attorney's fees")

---

the court stated that the agreement need not specifically mention the amount of the fee or how it is to be calculated to satisfy the FDCPA. *Gathuru*, 623 F. Supp. 2d at 118-120.

9

does not violate the FDCPA. The attorney's fees sought in this case are allowed by both the contract and state law.

Plaintiff also argues that even if the Agreement allows for the recovery of attorney's fees, it does not allow for the recovery of one-third of her debt as attorney's fees. In other words, Plaintiff is alternatively contesting the *amount* of the claimed attorney's fees. In support of this argument, Plaintiff cites to an Eleventh Circuit case[7] in which the court found that the plaintiff agreed to pay "all costs of collection" and the court held that he was required to pay the *actual* costs of collection, not a percentage fee that did not correlate to the costs of collection. *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 609 (11th Cir. 2014).[8] The Agreement here specifically provides for attorney's fees, with no reference to "actual costs" and no limit on the amount of such fees other than that they must be "reasonable." In any event, the percentage fee here *was* an actual cost to Lender, which was contractually obligated to pay that fee to Defendant (Doc. No. 65-1).

The question is not whether the claimed attorney's fees were reasonable in this case. That issue could have been raised in the General Sessions Court before Plaintiff signed the Agreed Judgment. The question in this action is whether Defendant violated the FDCPA in the Letter to Plaintiff. In that Letter, Defendant listed the amount of attorney's fees it *claimed* were owed,

---

[7] Plaintiff points out that the Sixth Circuit cited *Bradley* in *Currier v. First Resolution Investment Corp.*, 762 F.3d 529 (6th Cir. 2014). In *Currier*, however, the court merely identified *Bradley* as dealing with a "potentially" unfair practice. *Id.* at 534.

[8] The court in *Bradley* noted, however, that it was the nature of the agreement, not the amount of the fee, that was important. For example, the other plaintiff in *Bradley* had agreed to pay "reasonable collection agency fees," and he never argued his agreement did not cover the percentage-based fee. *Bradley,* 739 F.3d at 610. The language in the second plaintiff's agreement is more like Plaintiff's Agreement.

10

although (as the Letter itself suggests) that amount could have been disputed.[9] Plaintiff has presented no authority that Defendant is not allowed to assert what it claims is owed, even if that claim is subject to dispute. As indicated above, attorney's fees were expressly authorized by the Agreement. The Court finds that stating the amount of "reasonable attorney's fees" claimed, when such fees are authorized by the Agreement, is not a misrepresentation.

Recently, in *Bernal v. NRA Group, LLC*, No. 17-3629, 2019 WL 3244500, at * 3 (7th Cir. July 19, 2019), the court held that a percentage-based collection fee was a "cost" within the meaning of language in a contract that the debtor would be liable to pay "any costs (including reasonable attorney's fees)" incurred by the lender in attempting to collect amounts due. Disagreeing with *Bradley*, the court in *Bernal* did not limit the "costs" in the contract to "actual costs" and stated that even "actual costs" do not necessarily exclude collection fees. *Id.* Thus, the standard collection fee fell within the context of broad language authorizing "any costs" of collection and, therefore, the defendant's collection letter did not violate the FDCPA. *Id.* at * 6.

Plaintiff's representations at page 5 of her Response (Doc. No. 62) are not supported by the record. Defendant did *not* admit that it "invented" the amount of attorney's fees. Defendant has presented evidence that its one-third contingency fee was set by its agreement with Lender (Doc. No. 65-1). Lender was required to pay Defendant a contingency fee of one-third of whatever sums were recovered. Id. What Defendant charged other lenders to collect defaulted accounts is irrelevant. Its agreement with Lender here sets forth a reasonable fee,[10] and that fee is exactly what

---

[9] No fees were assessed against Plaintiff until the General Sessions Court entered the Agreed Judgment.

[10] As further evidence that the one-third fee is reasonable, Mr. Cheadle testified that the Davidson County General Sessions Court normally awards one-third of the obligation as the attorney's fees to which the lender is entitled in cases like Plaintiff's (Doc. No. 62-1 at 35).

11

Defendant sought in both its Letter to Plaintiff and in the General Sessions action. Moreover, that fee is exactly what Plaintiff *agreed to* and the General Sessions Court ordered in the Agreed Judgment.

In *Anselmi v. Shendell & Assocs.*, Case No. 12-61599, 2015 WL 11121357, (S.D. Fla. Jan. 7, 2015), the court stated: "Courts have found that when an agreement provides that a debtor is responsible [for] 'all costs' incurred in connection with the collection of a debt, the agreement 'is expansive' and 'permits the recovery of all "collection costs" without any restrictions or limitations.'" *Id*. at * 4. The court there held that the agreement need not specifically mention the amount of the fee or how it is calculated to satisfy the FDCPA's "expressly authorized" provision in 15 U.S.C. § 1692(f). *Id*. Citing *Gathuru v. Credit Control Servs., Inc.,* 623 F. Supp. 2d 113, 118 (D. Mass. 2009), the court found that the phrase "collection costs" was broad enough to encompass a percentage-based fee or a specific amount, assuming that the fee represented the costs incurred by the creditor in collecting the debt. *Anselmi*, 2015 WL 11121357, at * 4.[11] The contract language in *Anselim* and *Garthuru* was less specific than the contract language here. And, as noted above, Defendant's percentage fee *was* an actual cost to Lender who, by contract, was obligated to pay that fee to Defendant. In *Garuru*, the court found that a percentage-based fee need not be

---

[11] The Court is aware of and acknowledges that other courts have found differently with regard to percentage fees. For example, in *Solicker v. Muller, Muller, Richmond, Harms, Myers, and Sgrol*, No. 1:04-CV-733, 2005 WL 2180481, at * 4 (W.D. Mich. Sept. 9, 2005), the court stated that the inclusion of a liquidated sum as attorney fees with the principal debt owed "altered the terms of the contract between the plaintiff and the lender and violated the FDCPA." There, as here, the contract obligated the plaintiff to pay a "reasonable attorney fee." The court there determined that there was no part of the agreement that permitted the lender and the defendant to select a liquidated sum of attorney's fees. This case, by contrast, involves neither a "liquidated sum" nor, merely because Defendant sought a percentage-based recovery of attorney's fees, an "alteration" to the Agreement by Defendant's seeking a percentage amount of reasonable attorney's fees.

12

specifically mentioned in the agreement to satisfy the FDCPA's "expressly authorized" requirement. *Garuru*, 623 F. Supp. 2d at 120.

Similarly here, the Court finds that Defendant's reference to a percentage-based fee in its Letter to Plaintiff did not violate the FDCPA.

## **CONCLUSION**

For these reasons, Defendant's Renewed Motion for Summary Judgment (Doc. No. 59) will be granted, and this action will be dismissed. An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE